**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JARED FOLKS**                                                    **CIVIL ACTION**

**VERSUS**                                                             **NO.**

**VINCENZO ANTONIO SAINATO,**
**LT. DETECTIVE J. JOHNSON, and**
**GERALD TURLICH in his Official**
**Capacity as Sheriff of Plaquemines Parish**

## COMPLAINT

NOW COMES Complainant, Jared Folks, a person of the full age of majority residing in the State of Louisiana, Parish of Jefferson, who respectfully represents as follows:

1.

Made Defendants herein are the following:

A.    **VINCENZO ANTONIO SAINATO,** a person of the full age of majority who was at all times material hereto acting under color of law as a Plaquemines Parish Sheriff's Deputy.

B.    **LT. DETECTIVE J. JOHNSON**, a person of the full age of majority who was at all times material hereto acting under color of law as a Plaquemines Parish Sheriff's Deputy.

C.    **GERALD TURLICH**, **in his Official Capacity as Sheriff of Plaquemines Parish,** a person of the full age of majority who was at all times material hereto Sheriff and chief law enforcement officer of Plaquemines Parish, State of Louisiana, responsible for the hiring, retention, training, and supervision of all Plaquemines Parish Sheriff's Deputies, and for the confection and implementation

1

of the Plaquemines Parish Sheriff's customs, policies, and procedures.

2.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C §§1331 and 1367, inasmuch as this matter arises under 42 U.S.C. §1983, *et seq.*, the United States Constitution, including the Fourth and Fourteenth Amendments, and Louisiana state law, including Louisiana Constitution Article I, § 5, and Louisiana Civil Code Articles 2315, 2316, 2317, 2320, 2324, and other applicable law.

3.

Venue is proper in this Honorable Court in part pursuant to 28 U.S.C §1391 as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Louisiana.

**Background and Factual Allegations**

4.

On Sunday, February 13, 2022, Jared Folks was at it office in Kenner, Louisiana, watching the Super Bowl.

5.

The next day, February 14, 2022, a man who identified himself only as a member of law enforcement, called Folks on the telephone.

6.

Folks later learned that the caller was Defendant Sainato, a Plaquemines Parish Sheriff's deputy.

7.

During the February 14, 2022 call, Sainato accused Folks of having damaged a gate at the private driveway controlling access to The Parks, a subdivision in Belle Chasse, Plaquemines Parish, Louisiana.

8.

In particular, Sainato accused Folks of having hit the gate with his truck the day before, at the same time Folks was in Kenner watching football on television.

9.

Sainato demanded that Folks text him insurance documents as soon as his call ended.

10.

Sainato called Folks again the next day, February 15, 2022, again demanding that Folks send him documents, and again failing to identify himself.

11.

During the February 15, 2022 call, Folks told Sainato that he would like his attorney to be present for any discussion.   Upon hearing Folks mention getting his attorney involved, Sainato hung up.

12.

On February 20, 2022, Sainato executed a sworn affidavit accusing Folks of committing a hit and run in violation of La. R.S. 14:100 (a misdemeanor), and of having no proof of insurance in his vehicle in violation of La. R.S. 32:863.1 (another misdemeanor).

13.

In his sworn affidavit, Sainato claimed that Folks confessed that he had hit the gate with his truck.

14.

This was a lie by Sainato.

15.

In his sworn affidavit, Sainato claimed that Folks did not have written proof of insurance in his vehicle.

16.

This was another lie made up wholesale by Sainato.

17.

In his sworn affidavit, Sainato claimed that Folks's alleged crimes – the hit and run and failure to have proof of insurance – were "captured in high quality video surveillance" that had been viewed by Sainato and Defendant Johnson.

18.

Sainato and Johnson lied – there is no video surveillance of Folks committing any crime in Belle Chasse on February 13, 2022.

19.

The only video recording of Folks on February 13, 2022, shows him watching television in Kenner at the same time Sainato falsely swore Folks was committing a crime in Belle Chasse.

20.

Based on Sainato's perjured affidavit, the 25th Judicial District Court issued an arrest warrant for Folks on Sunday, February 20, 2022.

21.

Later that night, Kenner Police officers arrested Folks as a fugitive from Plaquemines Parish.   They took Folks to jail in Jefferson Parish, where he was forced to lie on a concrete floor, and where he stayed until he was picked up and transported by Plaquemines Parish deputies on February 22, 2022.

22.

As a result of Sainato's and Johnson's conduct set forth above, Folks sustained physical pain and suffering, mental and emotional outrage and distress, loss of enjoyment of life, and other damages as will be shown at trial, for which the law provides relief on the following non-exclusive bases:

## I.      False arrest and false imprisonment.

23.

Folks re-avers and re-alleges the foregoing allegations of this Complaint.

24.

Sainato obtained an arrest warrant for Folks based on lies.

25.

The arrest warrant for Folks was issued based on sworn representations that Sainato and Johnson knew to be false or which were made by Sainato and Johnson in reckless disregard for the truth.

26.

Sainato and Johnson had no probable cause to believe that Folks had committed any crime but merely pretended that they did.

27.

Sainato and Johnson are liable unto Folks as a matter of Louisiana law for the false arrest, unlawful detention, and false imprisonment of Folks without probable cause.

## II.    Unreasonable seizure.

28.

Folks re-avers and re-alleges the foregoing allegations of this Complaint.

29.

Sainato and Johnson are liable unto Folks for the unreasonable seizure of Folks without reasonable suspicion, probable cause, arguable probable cause, or any legal justification whatsoever, in violation of Folks's rights guaranteed by the Fourth Amendment to the United States Constitution and Article I, § 5, of the Louisiana Constitution.

30.

Sainato in particular is liable unto Folks for the unreasonable seizure of Folk based on a false and perjurious affidavit that gave rise to the arrest warrant.  *See, e.g., Franks v. Delaware*, 438 U.S. 154 (1978).

## III.    Abuse of process.

31.

Folks re-avers and re-alleges the foregoing allegations of this Complaint.

32.

Under Louisiana law, the two essential elements of abuse of process are:  (1) an ulterior purpose and (2) a willful act in the use of the process not proper in regular conduct of the proceeding.

33.

The arrest warrant was issued based on Sainato's ulterior purpose of punishing Folks for failing to acquiesce to Sainato's demands, failing to participate in Sainato's fiction that Folks had committed a crime, and because Folks invoked his right to counsel.

34.

Sainato's execution of a false and perjurious affidavit to procure an arrest warrant for Folks constituted a willful act in the use of the process not proper in regular conduct of any legal proceeding.

35.

Accordingly, Sainato is liable unto Folks for abuse of process as a matter of Louisiana law.

**IV.     Intentional infliction of emotional distress.**

36.

Folks re-avers and re-alleges the foregoing allegations of this Complaint.

37.

The conduct of Sainato and Johnson was extreme and outrageous and caused Folks severe outrage and severe emotional distress.

38.

Sainato and Johnson desired to inflict severe emotional distress on Folks or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

39.

Accordingly, Sainato and Johnson are liable unto Folks for intentional infliction of emotional distress.

**V.    Punitive Damages**

40.

Folks re-avers and re-alleges the foregoing allegations of this Complaint.

41.

All reasonable public officials are deemed to know the well-settled law they enforce and the constitutionally-protected rights they have sworn to uphold.

42.

All reasonable public officials know that lying to procure an arrest warrant in order mislead the magistrate into believing that probable cause exists, is unconstitutional and unlawful.

43.

The above-described conduct of Sainato and Johnson was extreme and outrageous, and done either maliciously or with reckless indifference to Folks's rights.

44.

Sainato and Johnson are liable unto Folks for punitive and/or exemplary damages as a matter of federal law.

## VI.    Vicarious liability.

45.

Folks re-avers and re-alleges the foregoing allegations of this Complaint.

46.

At all times material hereto, Sainato and Johnson were acting under color of law and in the course and scope of their employment as a sheriff's deputies by Gerald Turlich in his official capacity as Sheriff of Plaquemines Parish.

47.

Turlich is vicariously liable for all conduct of or attributable to Sainato and Johnson as a matter of Louisiana law.

### Jury Demand

48.

Folks demands a trial by jury for all claims and issues so triable.

### Prayer for Relief

**WHEREFORE,** Complainant, Jared Folks, prays that this Complaint be deemed good and sufficient and that after due proceedings are had, judgment be rendered on behalf of Folks and against Defendants, Vincenzo Antonio Sainato, Lt. Detective J. Johnson, and Gerald Turlich, in his official capacity as Sheriff od Plaquemines Parish. for the following damages:

A.        Past and future mental and emotional distress and outrage;

B.        Past and future, loss of enjoyment of life;

C.        Past and future physical pain, suffering, and disability;

D.        Past and future loss of earning and loss of earning capacity;

9

E.        All costs, expenses, and attorney's fees associated with the false arrest, detention, and abuse of process;

F.        Attorney's fees and costs associated with this lawsuit;

G.        Punitive damages;

H.        Exemplary damages;

I.        Interest on all damages, costs, attorney's fees, and other elements of recovery to the fullest extent allowed by laws of Louisiana and the United States.

Folks further prays for all other damages and legal and equitable relief to which he may be entitled.

Respectfully submitted:

/s/ Kearney S. Loughlin
KEARNEY S. LOUGHLIN
La. State Bar No. 26391
602 Boulder Creek Parkway
Lafayette, Louisiana 70508
Telephone:        (337) 534-8803
Facsimile:        (337) 628-2161
Email:             kearney.loughlin@gmail.com

And by

NANAK S. RAI
La. State Bar No. 22852
3800 Nashville Avenue
New Orleans Louisiana 70125
Telephone:        (504) 866-5275
Facsimile:        (504) 861-4032
Email:             bigeasylaw@att.net
**Attorneys for Jared Folks**