## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JARED FOLKS**                                   **CIVIL ACTION**

**VERSUS**                                        **NO. 23-643**

**VINCENZO ANTONIO SAINATO,**                     **SECTION "O"**
**ET AL.**

## ORDER AND REASONS

Before the Court is the motion[1] of Plaintiff Jared Folks for partial summary judgment against Defendant Vincenzo Antonio Sainato as to Folks' claims for (1) malicious prosecution arising under Louisiana law, (2) the analogous Fourth Amendment claim arising under federal law, and (3) unreasonable seizure pursuant to a Fourth Amendment violation under *Franks v. Delaware*, 438 U.S. 154 (1978). The Court has considered Folks' motion, Sainato's response,[2] Folks' reply,[3] as well as the summary-judgment record, and hereby orders that Folks' motion for partial summary judgment is **DENIED**.

## I.    BACKGROUND

On February 13, 2022, Folks' truck collided with a mechanical gate at the private driveway controlling access to The Parks, a subdivision located in Plaquemines Parish, Louisiana.[4] It is now undisputed that Folks was not present

---

[1] ECF No. 26.
[2] ECF No. 36.
[3] ECF No. 34.
[4] ECF No. 12 ¶¶ 11–12.

when the collision occurred; rather, Folks was in his office in Kenner, Louisiana watching the Super Bowl.[5]

According to Folks' amended and superseding complaint (hereinafter, "amended complaint"), the day after the collision, Folks received a phone call from a man who identified himself only as a member of law enforcement.[6] It was later determined that the caller was Defendant Sainato, a Deputy with the Plaquemines Parish Sheriff's Office.[7] During the call, Sainato accused Folks of damaging the gate with his truck and demanded that Folks text him his insurance documents.[8] One day later, on February 15, 2022, Sainato again called Folks requesting the documents.[9] According to the amended complaint, when Folks indicated he wanted his attorney present for any discussions, Sainato hung up the phone.[10]

Sainato offers his own version of events.[11] According to his sworn declaration, Sainato had been assigned to investigate the collision.[12] Through recorded video surveillance footage, Sainato identified the truck involved in the collision as belonging to Folks.[13] The day after the collision, Sainato called Folks and identified himself as Deputy Sainato with the Plaquemines Parish Sheriff's Office.[14] According to Sainato, when he asked Folks why Folks had not reported the collision, Folks

---

[5] *Id.* ¶ 8.
[6] *Id.* ¶ 9.
[7] *Id.* ¶¶ 6, 10.
[8] *Id.* ¶¶ 11–13.
[9] *Id.* ¶ 14.
[10] *Id.* ¶ 15.
[11] ECF No. 36-2 ¶¶ 5–13.
[12] *Id.* ¶ 2.
[13] *Id.* ¶¶ 3–5.
[14] *Id.* ¶ 5.

stated, "[w]e were in a hurry to get home to watch the Super Bowl."[15] When Sainato then asked whether Folks was driving the truck, Folks replied, "well I'm not saying that[;] I'm saying the gate hit the vehicle so it's not a crash."[16] Sainato informed Folks that Folks had an obligation to stop at the scene and that his conduct legally constituted a hit-and-run.[17] Folks, without denying his involvement in the collision, responded that the gate had malfunctioned and hit his truck.[18] Folks further stated that after the collision, Folks had contacted his client (who hired him to perform work in the subdivision) to report the damage.[19] When Sainato requested evidence of this client contact, Folks stated he was unable to produce his call log because he "[didn't] have that phone."[20] Sainato advised Folks that because the gate had malfunctioned and Folks had reported the collision, Sainato did not intend to "ascribe criminal wrongdoing or fault on Folks' part."[21] However, Sainato requested that Folks text him a copy of Folks' license, registration, and insurance.[22] Folks agreed to provide these documents.[23]

The call, which Sainato characterized as "cordial in nature," ended at approximately 5:15 p.m.[24] Throughout the call, Folks never denied driving the truck.[25] Moreover, according to Sainato, Folks' failure to deny he was driving and the

---

[15] *Id.* ¶ 6.
[16] *Id.*
[17] *Id.* ¶ 7.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.* ¶ 8.
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.* ¶ 6.

"manner of his replies" caused Sainato to believe that Folks was on the scene of the incident.[26]

The following day (February 15), Sainato spoke to a colleague and relayed his impression that "Folks put himself on-scene but  explicitly deflected the issue of who was driving."[27] Also that day, Sainato obtained a copy of an email that Folks had sent the previous evening to the subdivision's homeowners association.[28] In the email Folks stated: "Yesterday at approximately 6:40pm the gate malfunctioned , and closed in between the cab of my Truck and the bed . We did not have any contact information at the time , and we're given this email address today. Please advise ."[29] Folks sent this email minutes after concluding his phone call with Sainato.[30] Sainato interpreted this email to suggest that Folks was on the scene at the time of the incident.[31]

Approximately 24 hours after the first phone call, Sainato had still not received the requested documents from Folks.[32] So Sainato called Folks again.[33] During this second call, Folks was "less cordial" and "uncooperative."[34] Folks indicated he had spoken with an attorney, who advised Folks that he had no duty to cooperate or provide documentation.[35] Sainato explained that he needed the documents to

---

[26] *Id.*

[27] *Id.* ¶ 9.

[28] *Id.* ¶ 10.

[29] ECF No. 36-5 at 2.

[30] *See* ECF No. 36-2 ¶ 8 (Sainato's assertion that the call ended at approximately 5:15 p.m.); ECF No. 36-5 at 2 (showing Folks emailed the homeowners association at 5:22 p.m.).

[31] ECF No. 36-2 ¶ 10.

[32] *Id.* ¶¶ 9, 11.

[33] *Id.* ¶ 11.

[34] *Id.*

[35] *Id.*

complete his report and resolve the incident, and should Folks fail to provide the documents, Sainato would have no choice but to seek a warrant for his arrest.[36] Even then, Folks did not deny he was driving the truck and did not deny he was on the scene of the collision.[37]

On February 20, 2022, Sainato swore to an arrest warrant affidavit charging Folks with hit-and-run driving in violation of LA. STAT. ANN. § 14:100 and failing to have proof of insurance in violation of LA. STAT. ANN. § 32:863.1.[38] In his affidavit, relevant to the instant motion, Sainato attested that "[t]he incident . . . was captured in high quality video surveillance" that was viewed by Sainato and Lieutenant Detective Johnson (also a defendant here).[39] Sainato further attested that Folks was driving the truck at the time of the collision, and that the truck struck the gate causing approximately $10,000 in damage.[40] Sainato indicated that he spoke with Folks on February 14, 2022, at which time Folks admitted he made no attempt to contact the authorities after the collision; admitted he "crashed into the fence"; and admitted he was in a hurry to get home and watch the Super Bowl.[41]

Kenner Police officers arrested Folks later that day.[42] He was taken to jail in Jefferson Parish, where he was forced to lie on a concrete floor.[43] He remained in

---

[36] *Id.* ¶ 12.
[37] *Id.* ¶ 13.
[38] ECF No. 26-3.
[39] *Id.* at 1.
[40] *Id.* at 1–2.
[41] *Id.* at 2.
[42] ECF No. 12 ¶¶ 24–25.
[43] *Id.*

Jefferson Parish jail until February 22, 2022.[44] The charges against Folks were dropped over a year later on April 20, 2023.[45]

Folks attaches to his motion an email from codefendant Chaun Domingue, Public Information Officer for Plaquemines Parish Sheriff's Office, to a local news reporter who was reporting on Folks' arrest.[46] In the email, written shortly before the case was dismissed, Domingue contends that Sainato had sufficient probable cause to arrest Folks, but notes that "the individuals involved cannot be positively identified in the surveillance video."[47]

Sainato now concedes that he "could have better worded portions of the [arrest warrant affidavit] or better distinguished between conclusions [he] drew as a result of [his] perceptions of the evidence and the underlying pieces of evidence which led to those conclusions."[48] "[I]n hindsight," according to Sainato, "it would have been a better course of action to independently articulate those reasons as opposed to stating my conclusion in the warrant that he stated that he had crashed into the fence."[49] Nevertheless, Sainato maintains that "Folks was intentionally trying to mislead [him] throughout what [he] considered a very minor investigation . . . ."[50]

Folks filed this action against Sainato and other Plaquemines Parish law enforcement officials alleging violations under federal and Louisiana state law.[51] In

---

[44] *Id.*
[45] ECF No. 26-6.
[46] ECF No. 26-7.
[47] *Id.*
[48] ECF No. 36-2 ¶ 18.
[49] *Id.* ¶ 19.
[50] *Id.* ¶ 22.
[51] ECF No. 12 ¶¶ 32–75.

the instant motion, Folks seeks partial summary judgment against Sainato on three specific claims: (1) malicious prosecution arising under Louisiana law, (2) the analogous Fourth Amendment claim arising under federal law; and (3) unreasonable seizure pursuant to a Fourth Amendment violation under *Franks v. Delaware*, 438 U.S. 154 (1978).[52]

## II.   LEGAL STANDARD

### A.   Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted).

"When the movant also carries the burden of proof at trial," as Folks does here, "the burden is even higher; [Plaintiff] must establish beyond peradventure *all* of the essential elements of the claim[.]" *Cunningham v. Circle 8 Crane Servs., L.L.C.*, 64

---

[52] ECF No. 26-2.

F.4th 597, 600 (5th Cir. 2023) (internal citation and quotation marks omitted) (emphasis in original).

"Only if the movant succeeds must the nonmovant designate specific facts showing that there is a genuine issue for trial." *Id.* (internal citation and quotation marks omitted). In considering the record, the Court "view[s] the evidence in the light most favorable to the nonmovant"—here, Sainato—"and draw[s] all reasonable inferences in that party's favor." *Flores v. Wal-Mart Stores Texas, L.L.C.*, 855 F. App'x 203, 204 (5th Cir. 2021) (quoting *Adams v. Alcolac, Inc.*, 974 F.3d 540, 543 (5th Cir. 2020)). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

## III.   ANALYSIS

Folks is not entitled to summary judgment because he fails to carry his burden to show evidence sufficient to establish all of the essential elements of the three causes of action. The Court will take each cause of action in turn.

### A. Malicious Prosecution under Louisiana State Law

First, Folks argues he is entitled to summary judgment against Sainato on his malicious prosecution claim under Louisiana state law.[53] To prove malicious prosecution in Louisiana, Folks must establish each of the following elements: (1) the

---

[53] ECF No. 26-2 at 4.

commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against the plaintiff who was the defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages. *Phillips v. L. Brands Serv. Co., L.L.C.*, 82 F.4th 291, 302 (5th Cir. 2023); *Lemoine v. Wolfe*, 168 So. 3d 362, 367 (La. 2015).

Folks fails to meet his burden to establish all of the essential elements of this claim. Specifically, Folks does not establish with competent summary-judgment evidence that no genuine issue of material fact exists as to the fourth element, the "absence of probable cause."[54] The absence of probable cause is "an essential element of a malicious prosecution claim." *Rivera-Colon v. Par. of St. Bernard*, No. CV 20-1101, 2022 WL 17752201, at *4 (E.D. La. Dec. 19, 2022).

"Probable cause exists when the facts and circumstances within the arresting officer's personal knowledge, or of which he has reasonably trustworthy information, are sufficient to occasion a person of reasonable prudence to believe an offense has been committed." *Bailey v. Iles*, 87 F.4th 275, 285–86 (5th Cir. 2023); *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988) (quotation marks and citation omitted). "Probable cause is a 'practical, nontechnical conception' that deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Terwilliger v. Reyna*, 4 F.4th 270, 282 (5th Cir. 2021)

---

[54] In finding that Folks fails to establish no genuine issue of material fact as to the fourth element, the "absence of probable cause," and thus necessarily fails to meet his summary-judgment burden, the Court need not address whether Folks has successfully established the other elements of his state malicious prosecution claim.

(quoting *Maryland v. Pringle*, 540 U.S. 366, 370 (2003)). "It turns on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Terwilliger*, 4 F.4th at 282 (citation and internal quotations omitted). "Instead, courts must look to the 'totality of the circumstances' and decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer' demonstrate 'a probability or substantial chance of criminal activity.'" *Id.* (quoting *D.C. v. Wesby*, 583 U.S. 48, 57 (2018)). "Probable cause 'is not a high bar.'" *D.C.*, 583 U.S. at 57 (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)).

Folks fails to meet his burden of establishing the absence of probable cause. The summary-judgment record includes Sainato's sworn declaration,[55] which sets forth the events leading to Sainato seeking an arrest warrant for Folks. This evidence, taken on its face, is sufficient to show, "from the standpoint of an objectively reasonable police officer[,] . . . a probability or substantial chance of criminal activity." *D.C.*, 583 U.S. at 56–57. The evidence includes *inter alia* Sainato's discovery that the truck involved in the collision had insignia with Folks' phone number (and Folks answered the phone when Sainato called him the following day);[56] Folks' statement to Sainato that "we" were in a hurry to get home and watch the Super Bowl, implying

---

[55] Folks claims that Sainato's sworn declaration is not competent and not admissible summary-judgment evidence under Rule 56. ECF No. 34 at 3–4. The Court disagrees. The facts drawn from Sainato's declaration and relied upon by the Court, as set forth *supra* in the "Background" section, are Sainato's own observations and recollections of his investigation of Folks. *See* ECF No. 36-2. His assertions meet the requirements of Federal Rule of Civil Procedure 56(c)(4), in that they are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

[56] ECF No. 36-2 ¶¶ 3–5.

that Folks was involved in the collision;[57] Folks' suspicious statement to Sainato, "well I'm not saying that [I was driving;] I'm saying the gate hit the vehicle so it's not a crash," implying Folks had first-hand knowledge of the incident;[58] Folks' email to the homeowners association, forwarded to Sainato, in which Folks stated that "the gate malfunctioned , and closed in between the cab of my [t]ruck and the bed," and that "[w]e did not have any contact information at the time";[59] Folks' evasiveness with Sainato and failure to tell Sainato that he was not the driver, despite multiple opportunities to clarify Sainato's misunderstanding;[60] and Folks' refusal to provide basic documents such as proof of insurance and registration.[61] The totality of this evidence, at minimum, creates a genuine dispute as to whether "a person of reasonable prudence [would] believe an offense has been committed." *Bailey*, 87 F.4th at 285–86.

In his motion, Folks offers little argument on the absence of probable cause beyond a conclusory statement that "[i]t is undisputed that Sainato had no probable

---

[57] *Id.* ¶ 6.

[58] *Id.* ¶ 6.

[59] ECF No. 36-5 at 2.

[60] ECF No. 36-2 ¶¶ 5–15.

[61] *Id.* This evidence supports a finding that Sainato had probable cause to arrest Folks for a hit-and-run in violation of LA. STAT. ANN. § 14:100. That offense, on its own, was sufficient to warrant Folks' arrest. To be sure, Sainato's arrest warrant also charged Folks with failing to carry proof of insurance in violation of LA. STAT. ANN. § 32:863.1. ECF No. 26-3. The probable cause evidence in the summary-judgment record is weaker on the proof of insurance offense, which required proof that the insurance documents were not "contained within the vehicle." § 32:863.1(A). There is no evidence that Sainato or any other deputy searched Folks' truck on the night of the collision. But the Court need go no further on this point. Once it's evident that probable cause existed on the hit-and-run offense, which on its own supplied justification for Folks' arrest, the Court need not determine probable cause on the proof of insurance offense to supports its denial of summary judgment. *Armstrong v. Ashley*, 60 F.4th 262, 279 n.15 (5th Cir. 2023) ("[B]ecause an unlawful seizure is the threshold element, . . . if the prosecution is supported by probable cause on at least one charge, then a malicious prosecution claim cannot move forward.").

cause to accuse Folks of any crime."[62] Folks points out that, because his case was dismissed before trial, Louisiana law presumes that Sainato acted without probable cause and with malice.[63] *See Rivera-Colon*, No. CV 20-1101, at *2 ("When the charges against a plaintiff are dismissed prior to trial, including when the dismissal occurs *nolle prosequi* through the discretion of the District Attorney, a lack of probable cause and malice are presumed."). But as discussed above, Sainato's version of events is sufficient to overcome any such presumption and create a genuine dispute over the existence of probable cause.

Folks' own version of events in the amended complaint fails to address many of the key facts alleged by Sainato—such as whether Folks told Sainato "we" were in a hurry to get home, and whether Folks had the opportunity to correct Sainato's misimpression that Folks was the driver.[64] The two phone conversations between Folks and Sainato appear critical to assessing whether Sainato possessed facts "sufficient to occasion a person of reasonable prudence to believe an offense has been committed." *Bailey*, 87 F.4th at 285–86.

Even so, Folks' version of events in his amended complaint is not competent summary judgment evidence. That's because his amended complaint (much like his original complaint) is unverified. An unverified complaint is not competent summary judgment evidence. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (finding that a complaint was not summary judgment evidence because it was unverified); *Long v.*

---

[62] ECF No. 26-2 at 6.
[63] ECF No. 26-2 at 6.
[64] ECF No. 12.

*Am. Nat. Prop. & Cas. Co.*, No. CIV.A. 07-4827, 2008 WL 2951965, at *4 n.16 (E.D. La. July 29, 2008) (granting motion for summary judgment when plaintiff's statement of facts is neither authenticated nor sworn to). Under such circumstances, the unverified evidence "shall not be considered by the Court." *Id.*

In sum, it is Folks' burden to show, based on competent summary-judgment evidence, an absence of probable cause justifying his arrest. The facts set forth in Sainato's sworn declaration[65] suggest just the opposite—that Sainato did have probable cause to arrest Folks for a violation of the hit-and-run statute. Through his declaration, Sainato has, at minimum, raised a genuine dispute of material fact as to the absence of probable cause. Because establishing an absence of probable cause is required to prove malicious prosecution in Louisiana, Folks' summary judgment motion fails on this cause of action.

### B. Malicious Prosecution claim under the Fourth Amendment

Folks next argues he is entitled to summary judgment against Sainato with respect to his Fourth Amendment malicious prosecution claim.[66] As alleged in the amended complaint, this claim avers: "Sainato and Johnson are liable unto Folks for a malicious prosecution-based Fourth Amendment violation as a matter of federal law, actionable under 42 U.S.C. § 1983."[67] Folks' motion for summary judgment on this claim fails for at least two independent reasons. First, § 1983 claims for malicious prosecution were not recognized by the Fifth Circuit at the time of Folks' arrest; thus,

---

[65] ECF No. 36-2.
[66] ECF No. 26-2 at 7–8.
[67] ECF No. 12 ¶ 53.

Folks' motion for summary judgment fails as a matter of law. Second, for reasons discussed *supra* Section III.A., Folks' motion fails on the merits because he is unable to show that no genuine dispute of material fact exists as to his federal malicious prosecution claim.

First, between 2003 and 2022, the Fifth Circuit "explicitly denied the possibility of a constitutional malicious prosecution claim." *Espinal v. City of Houston*, 96 F.4th 741, 748 (5th Cir. 2024). *See Castellano v. Fragozo*, 352 F.3d 939, 953–54 (5th Cir. 2003) (en banc) ("[T]he assertion of malicious prosecution states no constitutional claim."). This changed in 2022 with the Supreme Court's holding in *Thompson v. Clark*. In *Thompson*, the Supreme Court overruled *Castellano*, holding that "litigants may bring a Fourth Amendment malicious prosecution claim under § 1983." *Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023) (citing *Thompson v. Clark*, 596 U.S. 36 (2022)). *Thompson* found a "clear recognition of the constitutional tort of malicious prosecution." *Id.* at 279. Consequently, after *Thompson* the Fifth Circuit reinstated its pre-*Castellano* malicious prosecution standard, which requires the same elements for federal malicious prosecution claims as for the state-law tort of malicious prosecution. *Espinal*, 96 F.4th at 748.

In the instant matter, Folks was arrested on February 20, 2022.[68] At that time, the Fifth Circuit followed *Castellano* and thus did not recognize the constitutional malicious prosecution tort. *Espinal*, 96 F.4th at 748. This changed with *Thompson v. Clark*, which was not decided until weeks later on April 4, 2022. 596 U.S. 36, 42

---

[68] ECF No. 12 at ¶¶ 24–25.

(2022). But Folks' amended complaint alleges a "malicious prosecution-based Fourth Amendment violation as a matter of federal law, actionable under 42 U.S.C. § 1983."[69] This claim falls under the heading "Malicious prosecution."[70] By its plain language, this cause of action was not recognized under Fifth Circuit law at the time of the events giving rise to it.

In his motion for partial summary judgment, Folks acknowledges his cause of action occurred before *Thompson*, and thus before a federal malicious prosecution claim was recognized.[71] Folks argues instead that the Fifth Circuit recognized a "separate and distinct"[72] Fourth Amendment claim, citing this language from the *Castellano* opinion: "the initiation of [criminal] charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example."[73] 352 F.3d at 953. Yet *Castellano* still makes clear that § 1983 claims of "lost constitutional rights are for [the] violation of rights locatable in constitutional text"—*i.e.*, not claims of malicious prosecution. *Id.* at 953–54. Folks does not show what cause of action is "separate and distinct" from malicious prosecution; rather, the amended complaint, by its own terms, alleges the very cause of action that was precluded by *Castellano*. Accordingly, Folks' motion for summary judgment on this cause of action fails as a matter of law.

---

[69] ECF No. 12 ¶ 53. Moreover, in his motion for partial summary judgment, Folks titles Section III, "Sainato's malicious prosecution of Folks violated the Fourth Amendment as a matter of federal law." ECF No. 26-2 at 7.

[70] *Id.* at 10.

[71] ECF No. 26-2 at 7.

[72] ECF No. 34 at 5.

[73] ECF No. 26-2 at 7–8.

Folks' motion also fails for the independent reason that Folks is unable to show, through competent summary-judgment evidence, that no genuine issue of fact exists with respect to his federal malicious prosecution claim. Post-*Thompson*, the Fifth Circuit held that the elements of federal and Louisiana state malicious prosecution claims run coextensively and are thus analyzed simultaneously. *Bledsoe v. Willis*, No. 23-30238, 2023 WL 8184814, at *4 n.2 (5th Cir. 2023); *Armstrong*, 60 F.4th at 279. Under this standard, plaintiffs must prove the same six elements required to prove a malicious prosecution claim under Louisiana state law. *Espinal*, 96 F.4th at 748. This includes the element of "the absence of probable cause." *Rivera-Colon*, 2022 WL 17752201, at *4. As previously discussed, Folks does not establish with competent summary-judgment evidence that no genuine issue of material fact exists as to the absence of probable cause. Accordingly, Folks' motion for summary judgment fails as to his federal malicious prosecution claim.

### C. Unreasonable Seizure: Fourth Amendment *Franks* Violation

Finally, Folks alleges that he is entitled to summary judgment against Sainato because Sainato's "defective arrest warrant [was] based on a materially false affidavit" and constituted a violation pursuant to the Fourth Amendment and *Franks v. Delaware*, 438 U.S. 154 (1978).[74] Folks alleges that Sainato made several false statements in his affidavit,[75] including that Folks confessed to hitting the gate with his truck;[76] Folks did not have written proof of insurance in his vehicle;[77] and Folks'

---

[74] ECF No. 26 at 1; ECF No. 26-2 at 9.
[75] ECF No. 26-3.
[76] ECF No. 26-2 at 2.
[77] *Id.*

16

violations were captured in high-quality video surveillance.[78] Because Folks is unable to show that there is no genuine dispute as to the facts supporting his *Franks* argument, his motion for summary judgment fails.

Under *Franks*, a "defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" *Winfrey v. Rogers,* 901 F.3d 483, 494 (5th Cir. 2018) (quoting *Franks,* 438 U.S. at 155–56). *Franks* serves as "an exception to the independent intermediary doctrine, which provides that 'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.'" *Terwilliger v. Reyna*, 4 F.4th 270, 281 (5th Cir. 2021). However, this "chain of causation remains intact if 'it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Id.* To determine taint in these instances, "the essential inquiry is whether 'there remains sufficient content in the warrant affidavit to support a finding of probable cause' *after* the "material that is the subject of the alleged falsity or reckless disregard is set to one side.'" *Id.* (quoting *Franks*, 438 U.S. at 171–72).

The first prong of *Franks* requires the Court to consider whether Sainato made "a false statement knowingly and intentionally, or with reckless disregard for the

---

[78] *Id.*

truth" in his affidavit. *Franks,* 438 U.S. at 155–56. Folks alleges Sainato's affidavit contains three such false statements: "Sainato falsely claimed that Folks committed a hit-and-run, falsely claimed that Folks possessed no proof of insurance, and falsely claimed that these crimes were captured on high quality video surveillance."[79] Sainato contends *inter alia* that Folks' characterizations of Sainato's statements as "lies" are misleading.[80] The Court takes each of these statements in turn.

First, Folks alleges Sainato lied when he attested that Folks committed a hit-and-run.[81] Relatedly, he alleges Sainato lied in claiming that, during their phone call on February 14, 2022, Folks admitted he "crashed into the fence."[82] In response, Sainato maintains he had probable cause to believe Folks committed a hit-and-run, but acknowledges that he "could have better worded portions of the [arrest warrant affidavit] or better distinguished between conclusions [he] drew as a result of [his] perceptions of the evidence and the underlying pieces of evidence which led to those conclusions."[83] To be sure, Sainato does not now claim that, during the February 14 call, Folks admitted he "crashed into the fence."[84] But he argues that his affidavit reflects his reasonable conclusion, based on "the entirety of Folks' statements and his evasive behavior," that Folks acknowledged he was the driver of the truck.[85]

---

[79] ECF No. 26-2 at 9.
[80] ECF No. 36 at 26–27.
[81] ECF No. 26-2 at 9.
[82] ECF No. 34 at 9.
[83] ECF No. 36-2 ¶ 18.
[84] ECF No. 36 at 27.
[85] *Id.*

The question for the Court is whether Folks has proven the absence of a genuine dispute of material fact as to first prong of *Franks*. That is, could a reasonable jury return a verdict for Sainato by finding Sainato's statements were not made knowingly and intentionally or with reckless disregard for the truth? *See Perry*, 990 F.3d at 926. The answer is yes. Sainato's description of his February 14 conversation with Folks—including *inter alia* Folks' statement to Sainato that "we" were in a hurry to get home and watch the Super Bowl;[86] Folks' dubious statement to Sainato, "well I'm not saying that [I was driving;] I'm saying the gate hit the vehicle so it's not a crash";[87] Folks' overall evasiveness and failure to tell Sainato that he was not the driver,[88] combined with other facts established by Sainato at the time of his affidavit—all raise a genuine dispute as to whether Sainato made his misstatements knowingly and intentionally or with reckless disregard for the truth. Accordingly, Folks' summary-judgment claim under *Franks* fails as to these statements.

Second, Folks contends that Sainato lied when he falsely attested that Folks possessed no proof of insurance.[89] This contention does not point to a particular false statement in Sainato's affidavit that Sainato made purposefully or with reckless disregard; rather, it challenges Sainato's *conclusion* that Folks possessed no proof of insurance in the truck.[90]

---

[86] ECF No. 36-2 ¶ 6.
[87] *Id.*
[88] *Id.* ¶¶ 5–15.
[89] ECF No. 26-2 at 9.
[90] *Id.*

The Court finds that Folks has not established beyond peradventure, in the first instance, that this conclusion was false. *See Franks,* 438 U.S. at 155–56. Sainato argues that his decision to charge Folks under LA. STAT. ANN. § 32:863.1 was based on Folks' failure to provide Sainato his insurance documents, despite Sainato's requests over the phone.[91] While the evidence supporting this decision may have been weak, that's not the same as saying the decision was "false." To prove he is entitled to summary judgment on his *Franks* violation, Folks must show that there is no genuine dispute of material fact that Sainato made a deliberate falsehood or a false statement with reckless disregard for the truth. *See Franks*, 438 U.S. at 171. Folks' allegations "must be accompanied by an offer of proof." *Id*. And to be sure, it's Folks' burden to prove the *Franks* violation. He has failed to do so with competent summary-judgment evidence.

Third, Folks claims Sainato lied by attesting that the "incident" was "captured in high quality video surveillance."[92] Sainato rejoins that the affidavit does not state that Folks was captured in the surveillance video—only that the "incident" was captured in the surveillance video.[93] The Court agrees with Sainato that a genuine dispute exists as to whether this is a false statement made deliberately or with reckless disregard for the truth. Accordingly, Folks' motion for summary judgment fails as to this statement as well.

---

[91] ECF No. 36 at 28–29.
[92] ECF No. 26-2 at 9.
[93] ECF No. 36 at 27.

Turning to the second prong of *Franks*, Folks has failed to show that no genuine dispute exists that "the allegedly false statement[s] [are] necessary to the finding of probable cause." *Franks,* 438 U.S. at 156. Even if we assume the disputed statements were intentionally falsified by Sainato, Sainato's affidavit still contains sufficient probable cause that Folks committed the alleged hit-and-run. That probable cause includes Folks' insignia on the side of the truck, Folks' statement that he had not contacted the authorities but texted his client about the accident, Folks' statement that he was in a hurry to get home to watch the Super Bowl, and Folks' refusal to provide the requested insurance documents.[94] Thus, Folks' summary-judgment motion on the hit-and-run offense fails as to the second prong of *Franks* as well.

Moreover, as to the *Franks* argument on the insurance document violation, Folks does not allege a false statement.[95] Rather, he alleges a false conclusion, namely that Sainato did not have probable cause to arrest Folks for that offense.[96] Folks offers no mechanism for evaluating this alleged false statement under the second prong of *Franks*. That is, Folks has not shown an absence of a genuine dispute of material fact that by removing the "taint" of the false statement, probable cause did not exist. That's because the alleged taint is the probable-cause determination itself. For this additional reason, Folks has failed to meet his burden to show he is entitled

---

[94] ECF No. 26-3.
[95] ECF No. 26-2 at 9.
[96] *Id.*

to summary judgment on the alleged *Franks* violation relating to the insurance document offense.

## IV.   CONCLUSION

Ultimately, the Court finds that Folks has failed to show an absence of a genuine disputes of material fact on these claims. Therefore, Folks is not entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion[97] for partial summary judgment is **DENIED**.

New Orleans, Louisiana, this 20th day of May, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[97] ECF No. 26.