**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JARED FOLKS**                          **CIVIL ACTION**

**VERSUS**                               **NO. 23-643-BSL-EJD**

**VINCENZO ANTONIO SAINATO,**
**LT. DETECTIVE J. JOHNSON, and**
**GERALD TURLICH in his Official**
**Capacity as Sheriff of Plaquemines Parish**

**PROPOSED PRETRIAL ORDER**

**1. Date of pre-trial conference:**

Tuesday, May 7, 2024, at 2:30 pm.

**2. Counsel:**

Plaintiff

Counsel for Jared Folks:

**Kearney S. Loughlin**
Kearney Loughlin, LLC
602 Boulder Creek Parkway,
Lafayette, Louisiana 70508
(337) 534-8803

And

**Nanak S. Rai**
3800 Nashville Avenue
New Orleans Louisiana 70125
(504) 866-5275

Defendants

Counsel for Gerald A. Turlich, Sheriff of the Parish of Plaquemines, Lt. Jennifer Johnson, and Captain Chaun Domingue:

**Daniel R. Martiny**
**James B. Mullaly**
**Jeffrey D. Martiny**
Martiny & Associates
131 Airline Drive, Suite 201
Metairie, LA 70001
(504) 834-7676


Counsel for Vincenzo Sainato

**Laura Cannizzaro Rodrigue**
**Blake J. Arcuri**
Frosch Rodrigue Arcuri, LLC
1615 Poydras St. Ste. 1250
New Orleans, LA 70112
(504) 592-4600

## 3. Parties:

Plaintiff

Jared Folks is a natural person who resided in Kenner, Jefferson Parish, Louisiana, at all times pertinent to this litigation.

Defendants

At all times pertinent hereto, Gerald A. Turlich was the duly elected Sheriff for the Parish of Plaquemines, and Lt. Jenifer Johnson and Capt. Chaun Domingue were Plaquemines Parish Sheriff's deputies. Vincenzo Sainato was at all times pertinent to this litigation a deputy sheriff of the Plaquemines Parish Sheriff's Office.

**4. Jurisdiction:**

Jurisdiction is vested in this Court by 28 U.S.C. 1331 and 1343. The Court also has supplemental jurisdiction for all claims arising under the laws of the State of Louisiana pursuant to 28 U.S.C. 1367.

**5. Motions:**

Plaintiffs

Pending motions by Folks are (1) Motion for Partial Summary Judgment (R. Doc. 26) and (2) Motion in Limine to Exclude Irrelevant and Late-Identified Witnesses (R. Doc. 37). Folks may file one or more additional motions in limine in compliance with the Court's Scheduling Order. R. Doc. 9.

Defendants

Defendants Gerald A. Turlich, Sheriff of the Parish of Plaquemines, Lt. Jennifer Johnson, and Captain Chaun Domingue have no pending Motions before the Court. Defendants anticipate filing motion(s) *in limine* to exclude certain evidence from the trial of this matter in accordance with the Court's Scheduling Order.

Defendant Vincenzo Sainato anticipates a Motion in Limine to exclude evidence in accordance with this Court's Scheduling Order.

**6.(a)**

**Summary of Material Facts by Plaintiff Jared Folks**

This is a civil rights lawsuit against the Plaquemines Parish Sheriff and several deputies. The principal defendant is Vincenzo Antonio Sainato. The events in suit began on February 14, 2022, when Sainato called Folks and accused Folks of having damaged a gate at the private

driveway controlling access to The Parks of Plaquemines, a subdivision in Belle Chasse, Louisiana. In particular, Sainato accused Folks of having hit the gate with his truck the day before. Sainato then demanded that Folks text him insurance documents as soon as his call ended.

In truth, Folks was not driving a truck in Belle Chasse the day before but was at his office in Kenner watching the Superbowl; Folks was captured on surveillance video doing so. The gate incident was also captured on surveillance video and depicted a driver who was not Folks and looked nothing like Folks's driver's license photo to which Sainato had electronic access.

Sainato called Folks the next day and again demanded that Folks send him documents. During this call, Folks told Sainato that he would like his attorney to be present for any discussion. Upon hearing Folks mention getting his attorney involved, Sainato hung up.

On February 20, 2022, Sainato executed a sworn affidavit accusing Folks of committing a hit and run in violation of La. R.S. 14:100, and of having no proof of insurance in his vehicle in violation of La. R.S. 32:863.1. In his affidavit, Sainato claimed that Folks could be seen in a high quality video surveillance that both he and Lt. Jennifer Johnson had reviewed. Sainato also claimed that Folks confessed that he had hit the gate with his truck. Both contentions were lies by Sainato.

Sainato now admits that the video did not depict Folks and that Folks never confessed to being the driver. Instead, Sainato now claims that "the fact that he was the owner of the vehicle suggested that he was the driver and likely did not have insurance." R. Doc. 36-2, p. 7, ¶ 15. Sainato now "realize[s] that it would have been a better course of action to independently articulate those reasons [allegedly constituting probable cause] as opposed to stating my conclusion in the warrant that he stated that he had crashed into the fence." *Id.*, p. 7, ¶ 19.

Based on Sainato's false affidavit, the 25th Judicial District Court issued an arrest warrant for Folks immediately after Sainato submitted his affidavit to the judge.   The warrant was issued based on sworn representations that Sainato knew to be false or which were made by Sainato in reckless disregard for the truth.   Sainato had no probable cause to believe that Folks had committed any crime but merely pretended that he did.   Hours after Sainato procured the warrant, Kenner Police officers arrested Folks as a fugitive from Plaquemines Parish.

They took Folks to jail in Jefferson Parish, where he was forced to lie on hard concrete and where he stayed until he was picked up and transported by Plaquemines Parish deputies on February 22, 2022.   The Plaquemines Parish District Attorney charged Folks with the crimes alleged by Sainato - hit and run driving and no proof of insurance.   The state dismissed both charges a year later.

On May 3, 2023, investigative reporter Lee Zurik broadcast the first of three stories reporting on the false arrest and prosecution of Folks.[1]   In connection with Zurik's investigation, Capt. Chaun Domingue – Sheriff Turlich's Public Information Officer - issued a statement confirming that, contrary to Sainato's affidavit, "the individuals involved [in the alleged hit and run] cannot be positively identified in the surveillance video[.]"   But Domingue claimed that Folks was nevertheless a criminal because he supposedly did not cooperate with Sainato.

Sainato's false arrest (based on a defective warrant) and malicious prosecution of Folks resulted in extensive general and special damages.   Folks's treating physicians will testify that Folk's incarceration, during which he was forced to lie on hard concrete, aggravated a pre-existing back injury and caused a knee injury - a tear of the medial meniscus of the right knee - requiring surgery.   Folks will testify to past lost earnings of approximately $300,000.00.

---

1 Louisiana man arrested and detained for nearly 72 hours despite claims of video evidence proving his innocence (fox8live.com)

**6. (b)**

**Summary of Material Facts by Defendants Gerald A. Turlich, Sheriff of the Parish of Plaquemines, Lt. Jennifer Johnson, and Captain Chaun Domingue**

On February 13, 2022, at the Parks of Plaquemines subdivision, there was a motor vehicle accident involving a work truck with a trailer and the security gate for the neighborhood. On February 14, 2022, Deputy Vincenzo Sainato was instructed by his supervisor to contact Defendant Lt. Johnson regarding the above-referenced accident. Lt. Johnson provided Sainato with the information that she gathered from the accident, including photographs and a video clip which was extracted from video surveillance from the neighborhood. Sainato then drove through the neighborhood in an attempt to locate the work vehicle seen on the surveillance, with the ultimate goal of locating the vehicle and putting the driver of that vehicle in contact with the Parks' homeowner's association to exchange insurance information. Deputy Sainato obtained an Item Number from dispatch and began his investigation. (The specific actions of Deputy Sainato are briefed in detail in Rec. Doc. 32-2.) At the conclusion of his investigation, Deputy Sainato charged Plaintiff Folks with hit and run and of having no proof of insurance in his vehicle. Plaintiff alleges that both Sainato and Johnson lied in the probable cause affidavit, stating that the "alleged crimes were captured in high quality video surveillance." Unfortunately for Plaintiff, this is not exactly accurate, as the exact wording of the document states, "The incident described herein was captured in high-definition video surveillance", not that Jared Folks was viewed in high-definition surveillance committing said crimes. Furthermore, Defendant Johnson had no involvement in the preparation of the application for the arrest warrant. Plaintiff's claims against Johnson are for false arrest, false imprisonment, unreasonable seizure, intentional infliction of emotional distress, and malicious prosecution. Defendant Johnson does not believe that Plaintiff can meet his burden, as Plaintiff lacks evidence to prove the elements of these crimes.

Plaintiff also alleges that Captain Chaun Domingue, the Public Information Officer for P.P.S.O., defamed Plaintiff and invaded his privacy, by sending two statements to local television reporter Lee Zurik regarding an investigation into the incident. Defendant Domingue sent two emails to Lee Zurik relative to this incident, one on March 31, 2023, and another on May 3, 2023. In both of those emails, Defendant Domingue was simply responding to an inquiry by Lee Zurik (who was investigating a *complaint initiated* by the Plaintiff himself to Mr. Zurik) and providing Mr. Zurik with the police report and information regarding the incident.   Plaintiff cannot point to anything in either email that is factually incorrect. Defendant does not believe that Plaintiff can satisfy his burden on these two claims against Defendant Domingue.

Plaintiff also alleges *Monell* liability against Defendant Sheriff Turlich. In this case, Plaintiff does not plead and cannot show that any policy of the Sheriff was the moving force behind any alleged constitutional violation. Plaintiff does not show a pattern or practice of similar alleged unconstitutional conduct. Plaintiff does not allege or show that Defendant Sheriff Turlich was deliberately indifferent to a known and obvious need to train.  Furthermore, even assuming that the Plaintiff had alleged such a pattern, practice, or custom, Plaintiff does not allege and cannot show that same was the moving force behind the alleged harm here. Plaintiff cannot point to a specific policy, practice, or custom that was behind this alleged violation.

## Summary of Material Facts by Defendant Vincenzo Sainato

Sainato was assigned to investigate a possible hit and run incident involving the exit gate to the Parks subdivision in Plaquemines Parish.   A review of video surveillance allowed Sainato to determine the identity of the company which owned the vehicle that struck the gate.   Sainato contacted the company, and its owner, Jared Folks, answered the phone.   Sainato identified himself and explained his role in investigating to the damaged gate, to which Folks immediately

replied that the gate had malfunctioned and damaged his vehicle.   Sainato informed Folks that no 9-1-1 call had been made about the incident, and Folks responded that "we were trying to get home to watch the Superbowl." Sainato advised that he was simply trying to obtain identification and insurance information, and that this would be treated as a civil matter if both parties agreed.   Folks agreed to provide his insurance information to Sainato, but never did so.

The following day, Sainato contacted Folks again, and Folks indicated that his attorney had told him he did not have to participate.   Sainato warned Folks that this would be considered a hit and run, and a warrant would issue, if he did not simply provide the requested information.   At no time during any call did Sainato deny that he was driving the vehicle or indicate that some other individual was driving the vehicle.   Folks made numerous efforts to evade the issue of who was driving and to mislead Sainato throughout the investigation.   After waiting for several days, Sainato issued an arrest warrant for Folks for hit-and-run and failure to provide insurance.   Kenner Police executed the warrant and Folks remained jailed for approximately 3 days. On the day after his arrest, Folks' attorney wrote a demand letter to the Parks subdivision stating that Folks was driving the vehicle when the gate hit it, that Folks waited around for over an hour, and that Folks left only after he was unable to contact anyone to report the damage.

Several months later, a media representative presented the PPSO with a video purporting to show Folks at his office watching the Superbowl at the time of the incident.   This was the first time anyone from the PPSO had been shown the video.   Ultimately, the District Attorney refused the charges against Folks.   This suit followed.

In the wake of the media report, the PPSO conducted an extensive investigation into the incident in which it was learned that an illegal immigrant was the individual who was driving the vehicle at the time of the incident.   Another illegal immigrant was the passenger of Folks' vehicle.

They contacted a third illegal immigrant, who identified himself as "the boss" who ran the crews for Folks' company.    It is Sainato's contention that this was Sainato's motive to mislead him from identifying the driver of the vehicle, and thus that Folks' own actions are responsible for the events in this case.

**7.  <u>Uncontested material facts:</u>**

1.    At all times material hereto Gerald A. Turlich, Jr., was the duly elected sheriff and chief law enforcement officer of Plaquemines Parish Louisiana.

2.    At all times material hereto, Vincenzo Sainato, Lt. Jennifer Johnson, and Capt. Chaun Domingue were acting in the course and scope of their employment as Plaquemines Parish Sheriff's deputies.

3.    Folks was not the driver of the truck involved in the gate incident at the Parks of Plaquemines subdivision on February 13, 2022.

4.    Folks was not in Plaquemines Parish on February 13, 2022.

5.    Sainato contacted Folks on two separate occasions – once on February 14, 2022, and again on February 15, 2022.

6.    On February 20, 2022, Sainato executed a sworn affidavit accusing Folks of committing a hit and run in violation of La. R.S. 14:100 (a misdemeanor), and of having no proof of insurance in his vehicle in violation of La. R.S. 32:863.1 (another misdemeanor).

7.    The 25th Judicial District Court issued an arrest warrant for Folks on Sunday, February 20, 2022.

8.    Folks was arrested in Kenner, Louisiana, on February 20, 2022.

9.    In a Bill of Information filed July 26, 2022. the District Attorney of the 25th Judicial District charged Folks with hit and run driving in violation of La. R.S. 14:100 and operating a

vehicle without proof of insurance in violation of La. R.S. 32:863.1.

10.    On April 20, 2023, the District Attorney dismissed both charges against Folks.

11.    On March 31, 2023, Capt. Chaun Domingue sent an email regarding Folks to Lee Zurik.

12.    On May 3, 2023, Capt. Chaun Domingue sent a second email regarding Folks to Lee Zurik.

## 8. **Contested Issues of Fact**

1)    Whether Sainato had a reasonable belief that Folks committed a crime.

2)    Whether Sainato viewed video surveillance depicting Folks.

3)    Whether Johnson viewed video surveillance depicting Folks.

4)    Whether Johnson contributed facts or information to an arrest warrant for Folks.

5)    The contents of Sainato's and Folks's February 14, 2022 telephone conversation.

6)    The contents of Sainato's and Folks's February 15, 2022 telephone conversation.

7)    Whether an arrest warrant was issued for Folks based on Sainato's affidavit.

8)    Whether Sainato's affidavit of probable cause was untrue or made in reckless disregard for the truth.

9)    Whether the truck involved in the February 13, 2022 incident at the Parks of Plaquemines contained proof of insurance.

10)    Whether Sainato verified by electronic means whether the truck involved in the February 13, 2022 incident at the Parks of Plaquemines was insured.

11)    Whether the defendants were at fault in causing Folks past and ongoing medical treatment, and the nature and extent of such treatment and related expenses.

12)    Whether defendants were at fault in causing Folks past and present economic

damages, and the nature and extent of those damages, including lost earnings of approximately $300,000.00.

13)     Whether the defendants were at fault in causing Folks past and future extreme emotional distress and outrage, and the nature and extent of such damages.

14)     Whether the defendants were at fault in causing Folks past and future physical pain, suffering, and disability, and the nature and extent of those injuries and damages.

15)     Whether defendants were at fault in causing Folks to incur legal expenses and court costs and other costs of litigation, and the nature and amount of each.

16)     Whether Sainato and/or Johnson maliciously prosecuted Folks.

17)     Whether Domingue and/or Turlich published statements of fact about Folks that were false or made with reckless disregard for the truth, or painted Folks in a false light.

18)     Whether Sainato employed legal process against Folks for an unlawful or improper purpose.

19)     Whether the defendants' conduct was extreme, outrageous, intentional, or done with reckless disregard for the rights of Folks.

20)     The amount of punitive or exemplary damages if any.

21)     The amount of damages for past and future physical pain, suffering, and disability sustained by Folks if any.

22)     The amount of damages for past and future emotional distress and outrage suffered by Folks if any.

23)     The amount of past and future loss of enjoyment of life suffered by Folks if any.

24)     Whether Sheriff Turlich ratified the conduct of any defendant.

25) Whether any of Folks's damages were caused by a custom or practice of Sheriff Turlich in his official capacity.

26) Whether Folks is entitled to attorney's fees and costs related to this suit and, if so, in what amount.

27) All issues of fact inherent in the foregoing Statement of Facts.

28) Any issue of fact tried by the express or tactic consent of the parties.

29). The extent to which Defendant Johnson participated in the preparation and presentation of the subject warrant.

30) Whether Defendant Johnson acted willfully and maliciously and with an ulterior motive.

31) Whether Defendants Turlich, Domingue and Johnson's conduct was extreme and outrageous and intended to inflict severe emotional distress upon Plaintiff.

32) Whether Defendant Johnson took any steps in the prosecution of Plaintiff.

33) Whether Defendants Turlich and Domingue made a non-privileged publication to a third party that they knew to be false.

34) Whether Sheriff Turlich has a policy of violating the rights of the citizens of Plaquemines Parish.

35) Whether the Defendants' conduct was willful and malicious such that punitive damages are available.

36) The extent to which Johnson participated in the investigation into the incident sued upon.

37) Whether Defendant Johnson executed a sworn statement in support of Defendant Sainato's arrest warrant application.

38) Whether Defendant Johnson played any part in Plaintiff's arrest.

39) Whether Defendant Johnson committed perjury.

40) Whether Plaintiff had any personal contact with Defendant Johnson.

41) Whether Defendant Johnson had any personal involvement in Plaintiff's criminal prosecution.

42) Whether Defendant Domingue's statements to the press were false.

43) Whether Plaintiff purposely misled Defendant Sainato into believing that Plaintiff was the driver of the vehicle involved in the motor vehicle accident on February 14, 2022.

44) Whether Plaintiff ever told Defendant Sainato who was driving the vehicle involved in the motor vehicle accident on February 14, 2022.

45) Whether any statement in the application for arrest warrant was written with malice towards Folks.

46) Whether Sainato had an honest and reasonable belief that Folks had committed the offenses for which he was charged.

47) Whether the arrest warrant still would have been signed if the information Plaintiff challenges was removed.

48) Whether the Plaintiff intentionally misled Sainato in the investigation to avoid revealing the identity of the vehicle's unlicensed driver.

49)     Whether Sainato was reasonable in relying upon Folks' statements, in conjunction with other evidence, during the course of the investigation.

50)     Whether the Plaintiff had a policy of liability insurance on his vehicle.

51)     Whether the Plaintiff's counsel obtained the information contained in his letter sent the day after the incident in which he admitted that Folks was the driver and that he remained on the scene of the incident for over one hour.

52)     Whether the Plaintiff sustained any physical injury while in the custody of any defendant in this matter.

53)     Whether any alleged physical injuries are the fault of non-parties.

54).    Whether Sainato was assigned to investigate the damage to the gate at the Parks neighborhood in Plaquemines Parish.

55)     Whether the vehicle which damaged the gate was owned by Plaintiff's company and contained the name of the company on its side.

56)     Whether Folks never provided proof of insurance to Sainato.

57)     Whether Emyn Escobar was an employee and/or contractor and/or representative of Folks company at the time of the incident.

58)     Whether Walter Alexis Varela-Melendez was operating the vehicle at the time of the incident involving the damaged gate.

59)     Whether Javier Mendieta was the passenger in the vehicle and assisted with freeing the vehicle from the gate.

60)     Whether Folks instructed his employees and/or contractors to leave the scene of the incident.

61)      Whether Folks did not provide the video of himself watching the Superbowl at his office to Sainato at the time of the investigation or any time after the investigation.

62)      Whether Folks did not say that he was not driving his vehicle at the time it struck the gate.

63)      Whether Sainato is not an employee of the Kenner City Jail.

64)      Whether the Kenner City Jail is not operated by the Plaquemines Parish Sheriff.

65)      Whether at all times material hereto, Sheriff Gerald A. Turlich, Jr., Deputy Vincenzo Sainato, Lt. Jennifer Johnson, and Capt. Chaun Domingue were acting under color of law.

**9.      Contested Issues of Law**

1)      Whether probable cause existed for Folks's arrest.

2)      Whether probable cause existed for Folks's alleged violation of La. R.S. 14:100.

3)      Whether probable cause existed for Folks's alleged violation of La. R.S. 32:863.1

4)      Whether Sainato or Johnson are liable for the malicious prosecution of Folks as a matter of Louisiana law.

5)      Whether Sainato or Johnson are liable for a Fourth Amendment violation based upon the malicious prosecution of Folks as a matter of federal law.

6)      Whether Sainato is liable for abuse of process under Louisiana law.

7)      Whether Sainato or Johnson are liable for the unreasonable seizure/false arrest of Folks as a matter of federal law.

8)      Whether Sainato or Johnson are liable for the false arrest/false imprisonment of Folks as a matter of Louisiana law.

9)      Whether defendant Turlich is vicariously liable for the state law torts of defendants.

10)    Whether defendant Turlich in his official capacity is liable for ratifying the conduct of defendants.

11)    Whether Turlich in his official capacity is liable for any custom or practice that caused damage to Folks.

12)    Whether Domingue or Turlich defamed Folks.

13)    Whether Domingue or Turlich are liable for a false light invasion of Folks's privacy.

14)    Whether Sainato or Johnson are liable for punitive or exemplary damages.

18)    All issues of law inherent in the foregoing statement of facts.

19)    Whether probable cause existed for Plaintiff's arrest.

20)    Whether Defendants Turlich and Domingue are entitled to an absolute or qualified privilege regarding publication of the commission of a crime that is of interest to the public.

21)    Whether Defendant Johnson is entitled to qualified immunity under federal and state law.

22)    Whether Sheriff Turlich had an official policy that was the moving force behind and proximately caused Plaintiff's alleged harm pursuant to *Monell*.

23)    Whether there exists an independent cause of action for infliction of emotional distress separate and apart from Plaintiff's false arrest claim.

24)    Whether at the time of the subject incident there existed a federal cause of action for malicious prosecution.

25)      Whether Defendants committed an abuse of process.

26)      Whether Plaintiff himself was the proximate cause of any of his alleged injuries or damages.

27)      Whether any of the Defendants proximately caused Plaintiff's alleged injuries.

28)      Whether Sainato lacked probable cause to arrest Sainato on any charge.

29)      Whether Sainato is entitled to qualified immunity.

30)      Whether Folks contributed in part or in whole to his arrest through his evasive and misleading statements during the course of the investigation.

31)      Whether Folks was the sole and proximate cause of his arrest as a result of his evasive and misleading statements during the course of the investigation.

32)      Whether Plaintiff can meet his burden of proof as to all claims asserted against Sainato.

33)      Whether the Plaintiff can prove that Sainato acted with malice.

34)      Whether the Plaintiff can prove that Sainato exercised authority or control over his person, or responsibility for his housing assignment and/or lack of medical care, during any period of Plaintiff's incarceration.

35)      Whether Plaintiff has failed to join an indispensable party with respect to his medical claims.

36)      Whether all actions taken by the Sainato were done in good faith and with probable cause, without malice and under laws believed to be constitutional.

37)      Whether Plaintiff's own negligent and/or malicious actions contributed to any injuries alleged to have been suffered, and if so, whether fault should be apportioned to Plaintiff and any award reduced appropriately or entirely.

38)      Whether Sainato is entitled to the statutory limitations of liability set forth in LSA-R.S. 13:5106 and LSA-R.S. 13:5112, or the immunity provided under La. R.S. 9:2798.1.

39)      Whether despite having adequate and reasonable opportunity to do so, Plaintiff failed to mitigate his damages so that any recovery sought herein should be reduced or be precluded entirely.

40)      Whether Folks can bring a conditions of confinement / custodial injury claim against anyone other than the custodian of the jail and/or warden of the facility.

## 10.  List of Exhibits

### Plaintiff's List of Exhibits

1.      Video recording(s) of Parks of Plaquemines, February 13, 2022

2.      Video recording(s) of Jared Folks, February 13, 2022

3.      Pleadings filed herein by Defendants

4.      Appearance bonds and bond processing receipts regarding Jared Folks, Item No. 22-01586

5.      Personnel files of, and training records pertaining to, any defendant or any witness

6.      PPSO police report, Incident No. 22-01586

7.      Arrest warrant for Jared Folks, Item No. 22-01586, February 20, 2022

8.      All policies of insurance insuring any defendants for or against any of the claims in suit

9.      Affidavit of probable cause executed by Vincenzo Antonio Sainato, Item No. 22-01586

10.     PPSO extradition order regarding Jared Folks

11.     Medical records and bills of Robert Douglas Bostick III, MD, regarding Jared Folks

12.     Medical records and bills of Marco Rodriguez, MD, regarding Jared Folks

13. Medical records and bills of Southlake Surgery Center, regarding Jared Folks

14. Bill of Information in State of Louisiana v. Jared Folks, Case No. 22-2583

15. Dismissal of Charges in State of Louisiana v. Jared Folks, Case No. 22-2583

16. Complete court record in State of Louisiana v. Jared Folks, Case No. 22-2583

17. Complete court record and discovery in The Parks of Plaquemines Homeowners Association, Inc. v. Airtight Construction, LLC, et al, 25th Judicial District Court, State of Louisiana, Case No. 67-916

18. Recording and transcript of May 3, 2023, New Orleans Fox Television affiliate WVUE broadcast by investigative reporter Lee Zurik, reporting on the false arrest and prosecution of Folks.

19. Email from Chaun Domingue to Lee Zurik, March 31, 2023

20. Email from Chaun Domingue to Lee Zurik, May 3, 2023

21. Recording and transcript of May 24, 2023, New Orleans Fox Television affiliate WVUE broadcast by investigative reporter Lee Zurik, reporting on the false arrest and prosecution of Folks.

22. Recording and transcript of May 9, 2023, New Orleans Fox Television affiliate WVUE broadcast by investigative reporter Lee Zurik, reporting on the false arrest and prosecution of Folks.

23. Any document constituting or containing a judicial admission of, or attributable to, any defendant

24. Any otherwise-admissible exhibit listed by any other party

25. Business card of Captain Paul Durnin

26. Email from Randy Gaspard to Paul Durnin, March 24, 2023, with attached call log and photographs

27. All internal affairs or other investigatory reports, writings, emails, or other communications of the PPSO related to Jared Folks or any of the incidents made subject of this lawsuit

28. Any document or thing used for rebuttal or impeachment

**Defendant's List of Exhibits**

Defendants Turlich, Johnson and Domingue may seek to introduce the following exhibits at trial:

1) A copy of the PPSO police reports for Incident No. 22-01586 as well as the subject warrant applications and returns

2) A copy of the arrest warrant for Item Number 22-01586

3) Video Surveillance from the from the location of the motor vehicle collision with the neighborhood.

4) Correspondence from Plaintiff's company attorney to the Parks of Plaquemines re Preservation Evidence dated 2/21/22.

5) 2/25/22 Correspondence from Plaintiff's Company Attorney to Parks of Plaquemines LLC.

6) Copy of Fox 8 Investigation by Lee Zurik into the incident sued upon.

7) Copies of emails between Defendant Domingue and Lee Zurik

By Vincenzo Sainato:

1. 25th JDC Affidavits for Arrest Warrant and Arrest Warrants Filed under Item 22-01586.

2. PPSO Incident Reports filed under Item 22-01586

3. Photographs of video retrieved from Parks video surveillance.

4. Screenshot from Airtightnola.com

5. Video surveillance of the Parks entrance/exit.

6. Any exhibits listed or identified by any other party; and

7. Any additional exhibits needed for impeachment.

**Admissibility of Exhibits**

It is not known at this time whether Defendants will object to the admissibility of any of Plaintiff's exhibits.

Out of an abundance of caution, Plaintiff objects to Defendants Turlich, Johnson and Domingue's exhibits 1 and 2:

1) A copy of the PPSO police reports for Incident No. 22-01586 as well as the subject warrant applications and returns

2) A copy of the arrest warrant for Item Number 22-01586

Plaintiff objects to the same exhibits identified by Sainato as exhibits 1 and 2:

1. 25th JDC Affidavits for Arrest Warrant and Arrest Warrants Filed under Item 22-01586.

2. PPSO Incident Reports filed under Item 22-01586

There are two sets of warrants, affidavits and reports bearing number 22-01586: one prepared by Vincenzo Sainato for the arrest of Jared Folks (to which Folks has no objection); and another prepared by Paul Durnin for the arrest of Walter Alexis Varela-Melendez (to which Folks objects as irrelevant, confusing, unduly prejudicial, and time wasting).

Plaintiff also objects to Defendants Turlich, Johnson and Domingue's exhibits 4 and 5:

4) Correspondence from Plaintiff's company attorney to the Parks of Plaquemines re Preservation Evidence dated 2/21/22.

5) 2/25/22 Correspondence from Plaintiff's Company Attorney to Parks of Plaquemines LLC.

Defendants did not identify these proposed exhibits on their Exhibit List.  R. Doc. 15. The proposed exhibits are irrelevant to this case, constitute hearsay, and are confusing of the issues in suit, unduly prejudicial, and time wasting.

Plaintiff tentatively objects to Sainato's proposed exhibit 4:

8. Screenshot from Airtightnola.com

This proposed exhibit was not previously identified and has not been disclosed to Folks. Folks may withdraw his objection once the exhibit is provided.

**11. Deposition Testimony**

None.

**12. Items for Use in Opening Statements or Closing Arguments**

The parties have no objection to their respective use of demonstrative exhibits at this time.

However, to the extent that any demonstrative exhibits has not yet been completed prepared and

produced to opposing counsel, the parties agree that any demonstrative exhibit will be submitted

to opposing counsel at least five (5) full working days prior to trial, and, if there is then opposition

to their use, the dispute will be submitted to the Court at least three (3) days prior to trial.

**13.(a) Witnesses**

**Plaintiff's List of Witnesses**

1.  **Jared Folks**, c/o undersigned plaintiff's counsel, will testify regarding the facts and circumstances surrounding his arrest, damages, and claims.

2.  **Robert Douglas Bostick III, MD**, 920 Avenue B, Marrero, LA 70072, will testify regarding Folks's medical condition, treatment, bills, causation, and prognosis.

3.  **Marco A. Rodriguez, MD**, 3001 Division Street, Suite 100, Metairie, LA 70002, will testify regarding Folks's medical condition, treatment, bills, causation, and prognosis.

4.  **Charles Brower, Jr.**, 1710 18th Street, Suite A, Kenner, LA 70062, will testify regarding the facts and circumstances surrounding Folks's arrest and damages.

5.  **Lisa Middleton**, 1710 18th Street, Suite A, Kenner, LA 70062, will testify regarding the facts and circumstances surrounding Folks's arrest and damages.

6.  **Luis Alberto Sotomayor**, 1109 Williams Boulevard, Kenner, LA 70062, will testify regarding Folks's damages.

7.  **Alexander Cooley**, 1710 18th Street, Suite A, Kenner, LA 70062, will testify regarding the facts and circumstances surrounding Folks's arrest and damages.

8.  **Vickie Tullier**, 7008 Glendale Street, Metairie, LA 70003, will testify regarding Folks's damages.

9.  **Deputy Vincenzo Antonio Sainato** may testify regarding Folks's claims and

Sainato's defenses.

10.    **Lt. Jennifer Johnson** may testify regarding Folks's claims and Johnson's defenses.

11.    **Capt. Chaun Domingue** may testify regarding Folks's claims and Domingue's defenses.

12.    **Sheriff Gerald Turlich** may testify regarding Folks's claims and Turlich's defenses.

13.    **A representative of Southlake Surgery Center** may testify regarding Folks's medical treatment and bills.

14.    **Brian Saucier or another representative of the Kenner Police Department** may testify to the facts and circumstances surrounding Folks's arrest.

15.    **Kristi Pierson or another representatives of the Parks of Plaquemines and/or Parks of Plaquemines H.O.A.** may testify regarding Folks's claims and Sainato's defenses.

16.    **Randy Gaspard**, 812 South Fashion Boulevard, Luling LA, will testify regarding Folks's claims and Sainato's investigation and defenses.

17.    **Paul Durnin**, may testify regarding Folks's claims and Sainato's investigation and defenses.

18.    Any witness listed by defendants.

19.    Any witness needed to authenticate any exhibit

20.    Any witness used for impeachment or rebuttal

**Defendant's List of Witnesses**

Defendants Turlich, Johnson and Domingue may call the following witnesses at trial:

1) Deputy Vincenzo Sainato Concerning discoverable information regarding the facts and circumstances the incident sued upon.

2) Lt. Jennifer Johnson Concerning discoverable information regarding the internal affairs investigation of the incident sued upon.

3) Jared Folks Concerning discoverable information regarding the facts and circumstances the incident sued upon.

4) Sheriff Gerald A. Turlich, Jr. Concerning discoverable information regarding the facts and circumstances the incident sued upon.

5) Captain Chaun Domingue Concerning discoverable information regarding the facts and circumstances the incident sued upon.

By Vincenzo Sainato:

1. Deputy Vincenzo Sainato

2. Lt. Jennifer Johnson

3. Captain Paul Durnin

4. Jared Folks

5. Kristi Pierson,

6. Arthur Dupre, Jr.,

7. Walter Alexis Varela-Melendez

8. Emyn Escobar

9. Javier Mendieta

10. Representative of Fox 8; and

11. Any witness called or listed by any other party; and

12. Any witness needed for impeachment.

## 13.(b) Certification

Plaintiff Jared Folks certifies that his witness list and exhibit list was timely filed in accordance with the Court's scheduling order and supplemented after the date set by this Court's scheduling order but before the discovery cutoff.

Sainato certifies that his witness list was timely filed in accord with this court's pre-trial scheduling order, and that it was supplemented after the date set by this Court's scheduling order, the subject of litigation in Plaintiff's Motion pending before this Court. With respect to experts, Sainato does not intend to produce expert testimony.

**14. Jury or Non-Jury**

The case is a Jury case and all claims will be tried to the jury.

Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five (5) working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

**15.**    **The issue of liability** will not be tried separately from that of quantum.

**16.**    **Other matters that might expedite a disposition of this case**

None at this time.

**17.**    **Trial** shall commence on May 20, 2024 at 8:30 a.m.

Estimated number of days, three (3).

**18.**    This pre-trial order has been formulated after counsel conferring via email and/or telephone. Counsel have not met in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

**19.**    Possibility of settlement of this case was considered.

Respectfully submitted:

/s/ Kearney S. Loughlin
KEARNEY S. LOUGHLIN
La. State Bar No. 26391
602 Boulder Creek Parkway
Lafayette, Louisiana 70508
Telephone:    (337) 534-8803
Facsimile:    (337) 628-2161
Email:          kearney.loughlin@gmail.com

And

NANAK S. RAI
La. State Bar No. 22852
3800 Nashville Avenue
New Orleans Louisiana 70125
Telephone:    (504) 866-5275
Facsimile:    (504) 861-4032
Email:          bigeasylaw@att.net
**Attorneys for Jared Folks**


And by


_____
**Daniel R. Martiny**
**Jeffrey D. Martiny**
**James B. Mullaly**
Martiny & Associates, LLC
131 Airline Drive, Suite 201
Metairie, LA 70001
(504) 834-7676
Attorneys for Defendants, Sheriff Gerald A. Turlich, Jr.,
Lt. Jennifer Johnson, and Captain Chaun Domingue


And by

**FROSCH RODRIGUE ARCURI, LLC**

BLAKE J. ARCURI (LSBN 32322)
LAURA C. RODRIGUE (LSBN 30428)
JASON P. WIXOM (LSBN 32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel: (504) 592-4600
Fax: (504) 592-4641
Email: barcuri@fralawfirm.com
lrodrigue@fralawfirm.com
jwixom@fralawfirm.com
*Attorneys for Deputy Sainato*

THE HON. BRANDON S. LONG
UNITED STATES DISTRICT JUDGE