## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARED FOLKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-643** |
| **VINCENZO ANTONIO SAINATO, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this civil-rights case is Plaintiff Jared Folks's renewed motion[1] for judgment as a matter of law and alternative motion for a new trial against Defendants Plaquemines Parish Sheriff's Office Deputy Vincenzo Antonio Sainato and Plaquemines Parish Sheriff Gerald Turlich, Jr., under Federal Rules of Civil Procedure 50(b) and 59(a)(1). For the reasons that follow, the motion is **DENIED**.

## I.    BACKGROUND

This case arises from Jared Folks's arrest on a warrant that issued based on the affidavit of Deputy Vincenzo Antonio Sainato.[2] Sainato's affidavit claimed probable cause that Folks committed two misdemeanors—"Hit-and-run driving" under LA. STAT. ANN. § 14:100 and "Evidence of compulsory motor vehicle liability security contained in vehicle" under LA. STAT. ANN. § 32:863.1—in connection with a collision between a truck owned by Folks's construction company and a mechanical gate controlling access to a Plaquemines Parish subdivision.[3] Folks sued Sainato, Turlich, and others under 42 U.S.C. § 1983 and Louisiana law, claiming there was

---

[1] ECF No. 126.

[2] ECF No. 110 at 1–2; *see also Folks v. Sainato*, 23-CV-643, 2024 WL 2271668, at *1 (E.D. La. May 20, 2024) (Long, J.).

[3] ECF No. 126-4 at 1.

not probable cause for the warrant, and that Sainato's affidavit featured false statements or material omissions made with at least reckless disregard for the truth.

A jury was not persuaded.[4] After a four-day trial, the jury unanimously found that Folks failed to prove four claims against Sainato: (1) a Section 1983 claim for violating Folks's Fourth Amendment rights under *Franks v. Delaware*, 438 U.S. 154 (1978); (2) a Section 1983 claim for violating Folks's Fourth Amendment rights under *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc), *overruled by Thompson v. Clark*, 596 U.S. 36 (2022); (3) a Louisiana-law claim for false arrest/false imprisonment; and (4) a Louisiana-law malicious prosecution claim.[5] Because the jury unanimously found Sainato not liable, Folks's vicarious-liability claim against Turlich failed by operation of law. The jury did not reach Sainato's qualified-immunity defense because it found Sainato did not violate Folks's federal rights.[6]

After the Court entered judgment against him, Folks timely renewed his motion for judgment as a matter of law under Rule 50(b) and sought a new trial against Sainato and Turlich in the alternative under Rule 59(a).[7] Sainato opposes.[8]

---

[4] ECF No. 122.

[5] Folks brought other claims against other Defendants, but the Court dismissed them at the Rule 50(a) stage. The claims listed are the only ones relevant to Folks's motion.

[6] ECF No. 122.

[7] ECF No. 126. Folks moved for judgment as a matter of law under Rule 50(a) after Sainato rested. ECF No. 116. The Court "d[id] not grant" the Rule 50(a) motion, FED. R. CIV. P. 50(a)(2), and directed Folks to file a renewed motion under Rule 50(b), ECF No. 120 at 1. Folks did so.

[8] ECF No. 130. Turlich did not file an opposition.

## II.    LEGAL STANDARDS

### A.    Renewed Motion for Judgment as a Matter of Law

A party may move for judgment as a matter of law against a party under Rule 50(a) after that party has been fully heard on an issue during a jury trial but before the jury renders its verdict. *See* FED. R. CIV. P. 50(a). If a party's pre-verdict motion for judgment as a matter of law is not granted, that party can renew its motion under Rule 50(b) after the verdict. *See* FED. R. CIV. P. 50(b). Folks does just that here.

The standard under Rules 50(a) and 50(b) is the same. *See Foradori v. Harris*, 523 F.3d 477, 485 n.8 (5th Cir. 2008) (citation omitted). The Court may grant judgment as a matter of law "only when 'a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on [an] issue.'" *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 431 (5th Cir. 2022) (quoting FED. R. CIV. P. 50(a)). "But 'if reasonable persons could differ in their interpretations of the evidence, then the motion should be denied.'" *E.E.O.C. v. EmCare, Inc.*, 857 F.3d 678, 682 (5th Cir. 2017) (quoting *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 475 (5th Cir. 2005)).

"When a case is tried by a jury," as this one was, "a Rule 50(b) motion is a challenge to the legal sufficiency of the evidence." *Lewis v. Bd. of Supervisors of La. State. Univ. & Agric. & Mech. Coll.*, 134 F.4th 286, 291 (5th Cir. 2025) (quotation and alterations omitted). The Fifth Circuit "is generally wary of upsetting jury verdicts." *Warner v. Talos ERT, L.L.C.*, 133 F.4th 412, 424 (5th Cir. 2025) (quotation omitted). It is "especially deferential" to them. *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019) (quotation omitted). Given the "great deference" due

jury verdicts, *Bryant*, 413 F.3d at 475, courts considering Rule 50(b) motions must draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmovant. *See Lewis*, 134 F.4th at 291 (quotation omitted). And courts "must" deny Rule 50 motions "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Wantou*, 23 F.4th at 431 (quotation omitted).

### B.    Alternative Motion for a New Trial

After a jury trial, a court may grant a motion for a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1). Rule 59 does not specify the grounds for granting a new trial. *See id.* But the Fifth Circuit has said that district courts may grant a new trial under Rule 59 if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Sims v. City of Jasper*, 117 F.4th 283, 288 (5th Cir. 2024) (quotation omitted).

"District courts should not grant a new trial on evidentiary grounds" like those Folks raises in his motion "unless the verdict is against the great weight of the evidence." *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 230 (5th Cir. 2020) (quotation omitted). "In other words, the movant must show an absolute absence of evidence to support the jury's verdict." *Seibert v. Jackson Cnty.*, 851 F.3d 430, 439 (5th Cir. 2017) (quotation omitted). "Whether a verdict is against the great weight of the evidence is a question committed to the district court's sound discretion." *Six Dimensions, Inc.*, 969 F.3d at 230 (citation omitted).

## III.  ANALYSIS

Folks renews his motion for judgment as a matter of law against Sainato and alternatively moves for a new trial on all issues against both Sainato and Turlich.

### A.    Renewed Motion for Judgment as a Matter of Law

Folks moves the Court for judgment as a matter of law under Rule 50(b) on all four of his claims against Sainato: (1) his Section 1983 claim under *Franks*; (2) his Section 1983 claim under *Castellano*; (3) his Louisiana-law false arrest/false imprisonment claim; and (4) his Louisiana-law malicious prosecution claim. Folks also contends that he is entitled to judgment as a matter of law on (5) Sainato's qualified-immunity defense. The Court considers each claim and defense in turn.

### 1.    *Franks* Claim Under Section 1983

Folks fails to carry his Rule 50(b) burden to show that a reasonable jury would not have a legally sufficient evidentiary basis to conclude that Folks failed to prove by a preponderance of the evidence each element of his *Franks* claim against Sainato. To recover on his *Franks* claim against Sainato, Folks had the burden to prove by a preponderance of the evidence that Sainato's arrest-warrant affidavit "(1) contains false statements or material omissions (2) made with at least 'reckless disregard for the truth' that (3) were 'necessary to the finding of probable cause.'" *Hughes v. Garcia*, 100 F.4th 611, 619 (5th Cir. 2024) (quoting *Franks*, 438 U.S. at 155–56) (citing *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018)). The second element required Folks to prove that Sainato "in fact entertained serious doubts as to the truth of the statement[s]" in the affidavit. *Winfrey*, 901 F.3d at 494 (quotation omitted).

5

Drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to Sainato, *see Lewis*, 134 F.4th at 291 (quotation omitted), and mindful of the "great deference" due the jury's verdict, *Bryant*, 413 F.3d at 475, the Court holds that Folks has not carried his burden to show that the "facts and inferences point so strongly and overwhelmingly in [Folks's] favor that reasonable jurors could not reach a contrary conclusion" on the second, reckless-disregard element of Folks's *Franks* claim. *Wantou*, 23 F.4th at 431 (quotation omitted). Because Folks fails to carry his Rule 50(b) burden on the reckless-disregard element alone, the Court need not evaluate the other elements of Folks's *Franks* claim.

A reasonable jury could have found that Folks failed to carry his burden to prove that Sainato "in fact entertained serious doubts as to the truth of the statement[s]" in the warrant affidavit. *Winfrey*, 901 F.3d at 494 (quotation omitted). For starters, a reasonable jury could have found Folks's testimony about the substance of his telephone discussions with Sainato not credible in light of Folks's lack of full candor about his litigation history, including Folks's failure to disclose on direct examination a lawsuit he filed on behalf of his deceased father, and Folks's general litigiousness, including Folks's testimony about at least two other lawsuits in which Folks claimed that he would suffer pain and mental anguish for the rest of his life. In combination with those credibility questions, a reasonable jury could have found that Sainato had no reason to knowingly or recklessly swear out an arrest-warrant affidavit accusing Folks of committing crimes Folks did not commit given Folks's admission that Sainato and Folks had never met before the incident. On top

of all this, a reasonable jury that disbelieved Folks's testimony about the substance of his telephone communications with Sainato could also have found that the inaccuracies in Sainato's arrest-warrant affidavit were at worst negligent—and thus not "the product of deliberate falsehoods or a reckless disregard for the truth," *id.* (quotation omitted)—given that (1) a representative of the neighborhood homeowners association, Kristi Pierson, independently arrived at the same mistaken conclusion that Folks was driving the truck that struck the neighborhood gate; and (2) Pierson and Turlich offered testimony from which a jury could reasonably have inferred that Folks was less than forthcoming, and perhaps even evasive, in connection with requests for basic information and documentation about the incident.[9]

Accordingly, because Folks fails to show that no reasonable jury could have concluded that Folks failed to prove the reckless-disregard element of his *Franks* claim, Folks fails to show that the jury lacked a legally sufficient evidentiary basis to find that he failed to prove his *Franks* claim against Sainato.[10] The Court therefore denies Folks's renewed motion for judgment as a matter of law on his *Franks* claim.

---

[9] For example, Pierson testified that Folks waited until after business hours the day after the incident to notify the neighborhood homeowners association of the incident; that Folks failed to provide the homeowners association proof of insurance or documentation for the driver of the truck; and that Folks stated in an email to Pierson that "[w]e did not have any contact information at th[e] time" of the incident, even though Pierson's contact information was displayed on a sign at the subdivision's gate. Turlich, for his part, testified that the Sheriff's Office received "zero cooperation" from Folks.

[10] Folks's reliance on a question from the jury does not help him carry his burden to show that a reasonable jury would not have a legally sufficient evidentiary basis to find that Folks did not prove his *Franks* claim against Sainato. The jury inquired whether it could "put a footnote or message in the verdict that if there is no finding of fault by Sainato can we indicate that we think Sainato should be sanctioned by his superiors for wreckless [*sic*] or irresponsible actions." ECF No. 126-2 at 1. With the parties' agreement, the Court answered that "[t]he jury's obligation is to follow the instructions provided by the Court and complete the verdict form as presented." *Id. Contra* Folks's contention, the jury note's reference to "wreckless [*sic*] or irresponsible actions" generally is not a "finding" that Sainato's statements in the arrest-warrant affidavit were made with reckless disregard for the truth.

### 2. *Castellano* Claim Under Section 1983

Folks fails to carry his burden to show that a reasonable jury would not have a legally sufficient evidentiary basis to find that Folks did not prove his *Castellano* claim against Sainato.[11] To recover on his *Castellano* claim against Sainato, Folks had the burden to prove by a preponderance of the evidence that Sainato caused criminal charges to be brought against Folks without probable cause, resulting in Folks's unreasonable seizure in violation of the Fourth Amendment. *See* 352 F.3d at 953–54; *see also, e.g.*, *Bledsoe v. Willis*, No. 23-30238, 2023 WL 8184814, at *6 (5th Cir. Nov. 27, 2023) (per curiam) (recognizing a Section 1983 claim under *Castellano* where an officer caused the arrest and commencement of criminal proceedings against a plaintiff without probable cause based on a clearly deficient investigation).

Importantly, Folks's arrest-based *Castellano* claim fails if either charge against him is supported by probable cause. Folks's *Castellano* claim requires an unreasonable seizure in violation of the Fourth Amendment. *See* 352 F.3d at 953–54. An arrest complies with the Fourth Amendment if there is probable cause to believe the suspect committed a crime. *See United States v. Watson*, 423 U.S. 411, 414 (1976).

---

[11] The Fifth Circuit did not recognize a Fourth Amendment malicious-prosecution claim when Folks was arrested in February 2022. *See Folks*, 2024 WL 2271668, at *6 (citing *Espinal v. City of Hous.*, 96 F.4th 741, 748 (5th Cir. 2024)). The en banc Fifth Circuit "extinguished the constitutional malicious-prosecution theory" in *Castellano* in December 2003. *Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020) (citing *Castellano*, 352 F.3d at 954). But the Supreme Court's April 2022 opinion in *Thompson* overruled *Castellano* and recognized a Fourth Amendment malicious-prosecution claim under Section 1983. *See* 596 U.S. at 42; *see also Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (acknowledging that *Thompson* overruled *Castellano* and reinstating pre-*Castellano* Section 1983 malicious-prosecution precedent). Between *Castellano* (December 2003) and *Thompson* (April 2022), the Fifth Circuit recognized a Section 1983 claim against a defendant whose "bad acts" "happen to correspond to the tort of malicious prosecution" and "result in an unreasonable search or seizure" in violation of the Fourth Amendment. *Morgan*, 969 F.3d at 246. That is the claim Folks brings here.

Probable cause for any crime suffices. *See, e.g.*, *Voss v. Goode*, 954 F.3d 234, 238 (5th Cir. 2020) (an arrest is justified "by showing probable cause for any crime"). "[I]t is not relevant whether probable cause exist[s] with respect to each individual charge." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (Sotomayor, J.). For the Fourth Amendment focuses "on the validity of the arrest, and not on the validity of each charge." *Id.* "[U]lterior motives," like the malicious intent to bring a false charge against Folks, cannot "invalidate police conduct that is justifiable on the basis of probable cause to believe that a violation of law has occurred." *Whren v. United States*, 517 U.S. 806, 811 (1996). The upshot is this: Even if one of the charges against Folks was not supported by probable cause, Folks's arrest was still reasonable under the Fourth Amendment, and Folks's arrest-based *Castellano* claim thus fails, if there was probable cause to support Folks's arrest on the other charge. In such circumstances, because there is one charge supported by probable cause that provides independent justification for the arrest, the charge unsupported by probable cause cannot have resulted in "the threshold element of an unlawful Fourth Amendment seizure." *Armstrong*, 60 F.4th at 279 (citing *Thompson*, 596 U.S. at 43 n.2) (footnote omitted).

Contending otherwise, Folks invokes a Supreme Court opinion that issued in June 2024, almost a month after trial. *See Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024). Folks claims that, under *Chiaverini*, "Sainato was required to have probable cause for each crime he alleged Folks committed."[12] But Folks overstates *Chiaverini*'s limited holding and misunderstands its impact given that qualified-

---

[12] ECF No. 126-1 at 12.

immunity doctrine requires the Court to evaluate Sainato's conduct by reference to the clearly established law existing in February 2022, when the incident occurred.

*Chiaverini* involved a Fourth Amendment malicious-prosecution claim under Section 1983 and considered the question that "arises when [an] official brings multiple charges, only one of which lacks probable cause." 602 U.S. at 558. The Supreme Court held that, in those circumstances, the valid charge does "not create a categorical bar" that "insulate[s] the official from a Fourth Amendment malicious-prosecution claim relating to the invalid charge[.]" *Id.* at 559. The Supreme Court expressly "le[ft] for another day the follow-on question of how to determine in those circumstances whether the baseless charge caused the requisite seizure." *Id.*

*Chiaverini* does not help Folks carry his Rule 50(b) burden on his *Castellano* claim (or any other claim) for at least four independent reasons. First, the claim the Supreme Court considered in *Chiaverini*—a Fourth Amendment malicious-prosecution claim under Section 1983—is not presented here. As noted at footnote eleven of this order and reasons, the Fifth Circuit did not recognize a Fourth Amendment malicious-prosecution claim under Section 1983 when Folks was arrested in February 2022, and so no such claim was presented to the jury here.

 Second, despite *Chiaverini*'s rejection of the any-crime rule for Fourth Amendment malicious-prosecution claims, the any-crime rule still applies to claims for false arrest and to the analysis of whether an arrest is an unreasonable seizure. *See, e.g.*, *Rivera–Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024).

Third, *Chiaverini* "leave[s] for another day" the causation requirement, 602 U.S. at 559, which (as explained above) Folks cannot meet under current precedent if there was probable cause for one charge that independently justified his arrest.

Fourth and finally, even if *Chiaverini* reached as broadly as Folks suggests, it would make no difference to the Court's Rule 50(b) analysis because Sainato would still be entitled to qualified immunity on all affected claims. That is for the simple reason that Folks cannot show that the right *Chiaverini* recognized in June 2024 was clearly established at the time of Folks's arrest in February 2022. *See, e.g.*, *Bailey v. Ramos*, 125 F.4th 667, 684 (5th Cir. 2025) (holding that officer was entitled to qualified immunity because the unlawfulness of the officer's conduct was not clearly established at the time of the officer's actions); *see also, e.g.*, *Rivera–Guadalupe*, 124 F.4th at 303 (holding that officer was entitled to qualified immunity because the right recognized in *Chiaverini* was not clearly established at the time of the officer's actions); *Harrod v. Lee*, No. 24-5228, 2024 WL 5103834, at *5 (6th Cir. Dec. 13, 2024) (essentially the same); *Rasawehr v. Grey*, No. 24-3322, 2025 WL 1639164, at *4 (6th Cir. June 10, 2025) (holding that officers were entitled to qualified immunity post-*Chiaverini* for conduct that occurred pre-*Chiaverini* because then-existing precedent required that only one charge be supported by probable cause); *Sorrells v. Dodd*, No. 21-13568, 2024 WL 3981781, at *8 (11th Cir. Aug. 29, 2024) (per curiam) (applying the any-crime rule post-*Chiaverini* to evaluate an officer's pre-*Chiaverini* actions "[b]ecause the qualified immunity analysis focuses on whether the law was clearly established at the time of the officer's actions" (citation omitted)). In sum, even if

Folks were right about *Chiaverini*'s broader reach, Folks still would be entitled to no relief under *Chiaverini* in light of Sainato's qualified-immunity defense.

Having rejected Folks's *Chiaverini* arguments and settled on the role probable cause plays in the analysis of the *Castellano* claim (and others), the Court returns to the Rule 50(b) standard. Drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to Sainato, *see Lewis*, 134 F.4th at 291 (quotation omitted), and mindful of the "great deference" due the jury's verdict, *Bryant*, 413 F.3d at 475, the Court finds Folks has not shown that the "facts and inferences point so strongly and overwhelmingly in [Folks's] favor that reasonable jurors could not reach a contrary conclusion" on the absence-of-probable-cause component of Folks's *Castellano* claim. *Wantou*, 23 F.4th at 431 (quotation omitted).

A reasonable jury could have found that Folks failed to carry his burden to prove the absence of probable cause for the "Hit-and-run driving" charge. "Hit and run driving is the intentional failure of the driver of a vehicle involved in or causing any accident, to stop such vehicle at the scene of the accident, to give his identity, and to render reasonable aid." LA. STAT. ANN. § 14:100(A). Probable cause "is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (quotation omitted). It "is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." *Id.* at 371 (citations omitted). But the "substance of all the definitions of probable cause is a

12

reasonable ground for belief of guilt, . . . and that the belief of guilt must be particularized with respect to the person to be searched or seized." *Id.* (quotation and citation omitted). "Probable cause exists when all of the facts known by a police officer are sufficient for a reasonable person to conclude that the suspect had committed, or was in the process of committing, an offense." *Sam v. Richard*, 887 F.3d 710, 715 (5th Cir. 2018) (quotation omitted). "The test is objective, not subjective." *Id.* "Critically, probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Loftin v. City of Prentiss*, 33 F.4th 774, 780 (5th Cir. 2022) (quotation omitted). It "is not a high bar." *Id.* (quotation omitted).

A reasonable jury could have found that Folks failed to prove that the facts known to Sainato were insufficient to clear the "low bar," *Espinal*, 96 F.4th at 747, of probable cause to believe that Folks committed "Hit-and-run driving." First, as noted above, a reasonable jury could have discredited Folks's testimony about the substance of his telephone discussions with Sainato. A reasonable jury could instead have credited Sainato's statements in his arrest-warrant affidavit—which was admitted into evidence at Folks's request and in its entirety without objection and without any request for redaction or a limiting instruction.[13] Among other things, that arrest-

---

[13] Folks contends the jury could not properly consider the statements in Sainato's arrest-warrant affidavit in evaluating probable cause because those statements are inadmissible hearsay to the extent they support Sainato's version of events. ECF No. 126-1 at 8–12; ECF No. 131 at 8–9. The Court is not convinced. A statement "offered against an opposing party and . . . made by the party in an individual or representative capacity" is not hearsay. FED. R. EVID. 801(d)(2)(A). Just so here. The statements in Sainato's arrest-warrant affidavit are non-hearsay under Rule 801(d)(2)(A) because Folks offered Sainato's arrest-warrant affidavit—in its entirety—into evidence against Sainato. In offering the entire affidavit into evidence against Sainato, Folks did not ask the Court to redact any purportedly self-serving statements in the affidavit or to instruct the jury of the purportedly limited purpose(s) for which the affidavit was offered. In all events, Folks cites no authority for the proposition that non-hearsay statements properly admitted into evidence without objection against an opposing

warrant affidavit includes these statements that, if believed, would allow a reasonable jury to find that the facts known to Sainato sufficed to permit a reasonable person to conclude that Folks had committed "Hit-and-run driving": (1) the truck involved in the collision had insignia with Folks's phone number (and Folks answered the phone when Sainato called him the following day); (2) Folks acknowledged to Sainato that Folks had "crashed into the fence" and "made no attempt to contact any authorities"; (3) Folks told Sainato that "we" were in a hurry to get home and watch the Super Bowl, implying that Folks was involved in the collision; and (4) Folks failed to provide Sainato basic documents like proof of insurance and registration, despite promising to do so.[14] A reasonable jury also could have found that the facts known to Sainato sufficed to permit a reasonable person to conclude that Folks committed "Hit-and-run driving" based on Folks's email to the homeowners association, forwarded to Sainato by Pierson, in which Folks stated that "the gate malfunctioned, and closed in between the cab of my [t]ruck and the bed," and that "[w]e did not have any contact information at the time"—implying that Folks was involved in the collision.

In sum, because a reasonable jury had a legally sufficient evidentiary basis to conclude that Folks failed to prove an absence of probable cause for the "Hit-and-run driving" charge, and because Folks's arrest was lawful if supported by probable cause for any charge, *see Voss*, 954 F.3d at 238, a reasonable jury had a legally sufficient evidentiary basis to conclude that Folks failed to prove that Sainato's conduct

---

party under Rule 801(d)(2)(A) are transformed into inadmissible hearsay to the extent those already-admitted statements are later construed by a fact finder to support the opposing party's position.

[14] ECF No. 126-4.

resulted in Folks's unreasonable seizure in violation of the Fourth Amendment. And because a reasonable jury had a legally sufficient evidentiary basis to conclude that Folks failed to prove that Sainato's conduct resulted in Folks's unlawful arrest based on Folks's failure to prove an absence of probable cause for the "Hit-and-run-driving" charge alone, the Court need not evaluate probable cause for the "Evidence of compulsory motor vehicle liability security contained in vehicle" charge.

Accordingly, Folks fails to show that the jury lacked a legally sufficient evidentiary basis to find that he failed to prove his *Castellano* claim. So the Court denies Folks's renewed motion for judgment as a matter of law on that claim.

### 3.    False Arrest/False Imprisonment Under Louisiana Law

Folks fails to carry his burden to show that a reasonable jury would not have a legally sufficient evidentiary basis to find that Folks failed to prove his claim against Sainato for false arrest/false imprisonment under Louisiana law. To recover on his claim for false arrest/false imprisonment, Folks had the burden to prove that he was "unlawfully detained by the police against [his] will." *Heaney v. Roberts*, 846 F.3d 795, 805 (5th Cir. 2017) (quotation omitted). "Unlawful detention is restraint without color of legal authority." *Reese v. City of Baton Rouge*, 93-1957, p. 4 (La. App. 1st Cir. 10/7/94); 644 So. 2d 674, 676 (citation omitted). Because "[a]rrests made with probable cause are not unlawful," Folks's false arrest/false imprisonment claim fails if there was probable cause for any charge against him. *Miller v. Desoto Reg'l Health Sys.*, 2013-693, p. 5 (La. App. 3d Cir. 12/11/13); 128 So. 3d 649, 656 (citation omitted).

Drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to Sainato, *see Lewis*, 134 F.4th at 291 (quotation omitted), and mindful of the "great deference" due the jury's verdict, *Bryant*, 413 F.3d at 475, the Court holds that Folks has not carried his burden to show that the "facts and inferences point so strongly and overwhelmingly in [Folks's] favor that reasonable jurors could not reach a contrary conclusion" as to the existence of probable cause for the "Hit-and-run driving" charge. *Wantou*, 23 F.4th at 431 (quotation omitted). For essentially the same reasons given in the previous section of this order and reasons, a reasonable jury could have found that Folks failed to prove the absence of probable cause for the "Hit-and-run driving" charge. Because a reasonable jury could have found that Folks failed to prove the absence of probable cause for that charge, and because Folks's arrest was lawful if supported by probable cause in general, *see Miller*, 128 So. 3d at 656 (quotation omitted), a reasonable jury had a legally sufficient evidentiary basis to find that Folks failed to prove that his arrest was unlawful.

Accordingly, Folks fails to show that the jury lacked a legally sufficient evidentiary basis to find that Folks failed to prove his false arrest/false imprisonment claim. So the Court denies Folks's Rule 50(b) motion on that claim.

### 4. Malicious Prosecution Under Louisiana Law

Folks also fails to carry his burden under Rule 50(b) to show that a reasonable jury would not have a legally sufficient evidentiary basis to conclude that Folks failed to prove his Louisiana-law malicious-prosecution claim against Sainato.

To recover on his Louisiana-law malicious-prosecution claim against Sainato, Folks had to "establish six elements: '(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its *bona fide* termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.'" *Phillips v. L. Brands Serv. Co.*, 82 F.4th 291, 302 (5th Cir. 2023) (quoting *Lemoine v. Wolfe*, 2014-1546, p. 8 (La. 3/17/15); 168 So. 3d 362, 367).

As for the malice element, "[i]n a malicious prosecution action, malice 'exists when a charge is made with knowledge that it is false or with reckless disregard for the truth.'" *Id.* at 302 (quoting *Kelly v. W. Cash & Carry Bldg. Mat. Store*, 745 So. 2d 743, 761 (La. Ct. App. 4th Cir. 1999)). "Malice may be inferred from the lack of probable cause[.]" *Miller v. E. Baton Rouge Par. Sheriff's Dep't*, 511 So. 2d 446, 453 (La. 1987). "[T]he determination of malice is a question of fact," and so it "should be determined by the trier of fact unless only one conclusion may be reasonably drawn from the evidence." *Lemoine v. Wolfe*, 575 F. App'x 449, 459 (5th Cir. 2014) (per curiam) (citing *Miller*, 511 So. 2d at 453). As for the absence-of-probable-cause element, "[t]he crucial determination . . . is whether the defendant had an honest and

reasonable belief in the guilt of the plaintiff." *Id.* at 458 (citation and quotation omitted). "When determining whether a reasonably cautious person would have believed that a violation occurred, [the Court] consider[s] the expertise and experience of law enforcement officials." *Id.* (citation and quotation omitted). Because the charges against Folks were dismissed, "there is a presumption of want of probable cause" and thus "the burden of showing that [Sainato] acted on probable cause and without malice is upon [Sainato]." *Id.* (citation and quotation omitted).

Drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to Sainato, *see Lewis*, 134 F.4th at 291 (quotation omitted), and mindful of the "great deference" due the jury's verdict, *Bryant*, 413 F.3d at 475, the Court holds that Folks has not carried his burden to show that the "facts and inferences point so strongly and overwhelmingly in [Folks's] favor that reasonable jurors could not reach a contrary conclusion" on the malice and absence-of-probable cause elements of Folks's claim. *Wantou*, 23 F.4th at 431 (quotation omitted).

First, as for the malice element, a reasonable jury could have found that Sainato carried his burden to show that he acted without malice—*i.e.*, that Sainato did not cause the charges to be brought against Folks with knowledge of their falsity or with reckless disregard for the truth—for essentially the same reasons given in section III(A)(1) of this order and reasons.

Second, as for the absence-of-probable-cause element, a reasonable jury could have found that Sainato carried his burden to show that there was probable cause for

the "Hit-and-run driving" offense for essentially the same reasons given in section III(A)(2) of this order and reasons.[15]

Accordingly, because Folks fails to show that no reasonable jury could have concluded that Sainato acted without malice and with probable cause for the "Hit-and-run driving" charge, Folks fails to show that the jury lacked a legally sufficient evidentiary basis to find that Folks failed to prove his Louisiana-law malicious-prosecution claim. So the Court denies Folks's Rule 50(b) motion on that claim.

### 5.    Qualified Immunity

Folks fails to carry his burden to show that a reasonable jury would not have a legally sufficient evidentiary basis to find that Sainato was entitled to qualified immunity. Qualified immunity "shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quotation omitted). It "protects all but the plainly incompetent or those who

---

[15] In an argument related to a footnote, raised for the first time in Folks's reply brief, and unburdened by citation to authority, Folks contends "[t]he 'any crime' rule rejected by the *Chiaverini* Court has never been an element of a Louisiana malicious prosecution claim." ECF No. 131 at 8 n.4. This argument is forfeited at least three times over. *See W. Bankers Cap., Inc. v. Kirton McConkie, P.C.*, No. 23-CV-5124, 2025 WL 563449, at *4 n.35 (E.D. La. Feb. 20, 2025) (Long, J.) (arguments raised only in a footnote are forfeited) (citing *Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023)); *Suanphairin v. Ataya*, No. 23-CV-3346, 2024 WL 4289573, at *11 (E.D. La. Sept. 25, 2024) (Long, J.) (arguments raised for the first time in a reply brief are forfeited) (first citing *United States v. Ponce*, 896 F.3d 726, 728 (5th Cir. 2018); and then citing *Jones v. Gusman*, 515 F. Supp. 3d 520, 523 (E.D. La. 2021))); *Wimsatt v. Jaber*, No. 22-CV-1012, 2024 WL 2187872, at *7 (E.D. La. May 14, 2024) (Long, J.) (arguments unaccompanied by citation to supporting authority are forfeited) (citing *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 574 (5th Cir. 2021), *aff'd* 2025 WL 711120 (5th Cir. Mar. 5, 2025) (per curiam)). Triple forfeiture aside, Folks has not shown that his characterization of the Louisiana law of malicious prosecution is even correct. Louisiana cases describe the relevant element of a malicious-prosecution claim as "the absence of probable cause for *such proceeding*," *Miller*, 511 So.2d at 452 (emphasis added), suggesting that Louisiana followed some variant of the "any crime" rule and did not require a charge-by-charge analysis of probable cause before *Chiaverini* issued.

knowingly violate the law." *Id.* at 12 (quotation omitted). To overcome Sainato's qualified-immunity defense, Folks had to show that (1) Sainato violated a statutory or constitutional right, and (2) that the right was clearly established at the time of Sainato's challenged conduct. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

As outlined in sections III(A)(1)–(4) of this order and reasons, a jury had a legally sufficient evidentiary basis to conclude that Folks failed to prove that Sainato violated Folks's statutory or constitutional rights. Because a jury had a legally sufficient evidentiary basis to conclude that Folks failed to prove that Sainato violated Folks's statutory or constitutional rights, there was necessarily a legally sufficient evidentiary basis to find Sainato entitled to qualified immunity. So Folks is not entitled to Rule 50(b) relief on Sainato's qualified-immunity defense.

## B.    Alternative Motion for a New Trial

As an alternative to Rule 50(b) relief, Folks moves the Court for a new trial on all issues against Sainato and Turlich under Rule 59(a)(1).[16] Folks contends that he is entitled to a new trial because Sainato's counsel "improperly argued that Folks was at fault and caused his own arrest" during closing argument.[17] Folks claims that the Court's use of Fifth Circuit Civil Pattern Jury Instruction 15.5 on mitigation of damages "allowed Sainato's counsel to argue Folks's comparative or sole fault under the guise of mitigation . . . ."[18] Folks does not quote or otherwise identify the precise

---

[16] ECF No. 126 at 2.

[17] ECF No. 131 at 1 (alterations omitted).

[18] ECF No. 126-1 at 23. It is true that the Court granted Folks's unopposed motion *in limine* on comparative fault, ECF No. 111 at 2, but Folks's description of the Court's oral ruling is incomplete. The Court excluded evidence or argument regarding Folks's comparative fault for the purpose of reducing Folks's recovery, but the Court did not exclude evidence or argument about Folks's alleged

portion of Sainato's counsel's closing argument that he contends entitles him to a new trial. The Court's best estimation, however, is that Folks is referring to an unobjected-to portion of closing argument in which Sainato's counsel told the jury that, even if it finds Sainato liable, it should award Folks no damages if it finds that Folks could have prevented his arrest by, for example, giving Sainato a video of Folks watching the Super Bowl at the same time as the alleged hit-and-run.

"A motion for new trial premised on improper arguments by counsel should only be granted when 'improper closing argument irreparably prejudices a jury verdict or if a jury fails to follow instructions.'" *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 509 (5th Cir. 2012) (quoting *Nissho–Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1988)). Courts "examine the propriety of closing argument by reviewing the entire argument 'within the context of the court's rulings on objections, the jury charge, and any corrective measures applied by the trial court.'" *Nissho–Iwai Co.*, 848 F.2d at 619 (quoting *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985) (per curiam)). A party that fails to object to improper statements made during closing argument "waive[s]" any objection to them. *Baisden*, 693 F.3d at 509. A court may grant a new trial based on unobjected-to statements only if the closing argument "affect[s] the substantial right of the parties" by "seriously prejudic[ing] [the movant's] right to a fair trial . . . ." *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 286 (5th Cir. 1975) (quotation omitted); *see also, e.g.*, *Baisden*, 693 F.3d at 509 n.17 (explaining that a movant who fails to object to

---

misconduct for all purposes. The Court recognized that evidence of Folks's misconduct may be admissible for other purposes, for example, to show the reasonableness of Sainato's conduct.

statements made during closing argument must show that "the statements rise to the level of severity that would require a new trial to avoid a miscarriage of justice").

Folks has not carried his burden to show that he is entitled to a new trial based on unobjected-to improper remarks by Sainato's counsel during closing argument. The Court assumes (without deciding) that it was legally incorrect and improper for Sainato's counsel to argue to the jury that it should award Folks no damages if it finds that Folks could have prevented his arrest. Importantly, however, Folks did not object to that portion of closing argument in which Sainato's counsel argued that, even if Sainato were found liable, Folks should recover no damages because Folks could have prevented his arrest by giving Sainato video of his whereabouts at the time of the incident.[19] Nor did Folks move for a mistrial. *See Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 733 (5th Cir. 2011) (noting "the failure of defense counsel to seek a mistrial suggests that any lingering prejudice from the improper comments was minimal" (quotation omitted)). Instead, Folks "chose to submit the case to the jury" and only raised a complaint about this portion of the closing argument when that "strategy failed." *Nissho–Iwai Co.*, 848 F.2d at 619; *accord, e.g.*, *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 376 (5th Cir. 1989) (holding that movant was not entitled to new trial based on improper remarks during closing argument

---

[19] It is true that Folks lodged discrete objections to other portions of Sainato's counsel's closing argument. But Folks did not object to the now-at-issue portion of Sainato's counsel's closing argument. That is important, because a litigant does not preserve an objection to *all* allegedly improper statements made during the course of a closing argument merely by lodging discrete objections to *some* allegedly improper statements given in closing. *See, e.g.*, *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 276 (5th Cir. 1998) (distinguishing unobjected-to statements during closing argument from objected-to statements and holding that plain-error review applies to the former); *Williams v. C & E Boat Rentals, L.L.C.*, 491 F. App'x 459, 461–63 (5th Cir. 2012) (per curiam) (conducting a statement-by-statement analysis of closing argument and reviewing unobjected-to statements for plain error).

because movant "did not move for a mistrial" and instead "chose to gamble on the verdict"). As a result, to win a new trial, Folks must show that counsel's closing argument "affect[ed]" his "substantial right[s]" by "seriously prejudic[ing]" his right to a fair trial. *Edwards*, 512 F.2d at 286.

Folks has not made that showing. First, Folks makes "no effort to show how [the challenged] statements would have affected the outcome at trial" *Baisden*, 693 F.3d at 509 n.17; he merely concludes the now-at-issue portion of closing argument "was misleading and prejudicial to [him]."[20] Indeed, Folks does not explain how Sainato's counsel's allegedly improper *damages* argument—*i.e.*, that Folks should recover no damages against Sainato, even if Sainato is found liable, because Folks could have prevented his arrest—"would have affected the outcome" on *liability*. *Id.*

Nor could Folks have made that required showing in light of the full context of the four-day trial. The jury unanimously found Sainato not liable on any claim.[21] Because the jury found no liability, it did not reach damages.[22] But the now-disputed portion of Sainato's counsel's closing argument went only to damages; it did not bear on liability. In fact, the pertinent portion of the allegedly improper closing argument *assumed* Sainato's liability: In substance, counsel argued that, *despite* Sainato's liability, Folks should still be awarded no damages because he could have prevented his arrest by giving Sainato the video. Accordingly, because the now-disputed portion of the allegedly improper closing argument bore only on damages, and because the

---

[20] ECF No. 216-1 at 25.
[21] ECF No. 122 at 2–4.
[22] *Id.*

jury found Sainato not liable and did not reach damages, Folks could not carry his burden to show that the now-disputed portion of Sainato's counsel's closing argument "affected the outcome at trial" even if Folks had tried to do so. *Id.*; *accord, e.g.*, *In re Isbell Records, Inc.*, 774 F.3d 859, 872–73 (5th Cir. 2014) (affirming denial of motion for new trial where the disputed statements made during closing argument went to an issue "that had little or no effect on the jury's verdict"); *Alexander v. Monsanto Co.*, 396 F. App'x 137, 140 (5th Cir. 2010) (per curiam) (declining to disturb defense verdict because plaintiff failed to show that counsel's misstatements of law during closing argument affected the outcome of the trial).

And in all events, the Court's instructions to the jury that "[t]he statements of counsel are not evidence"[23] and that "[w]hat the lawyers say or do is not evidence"[24] "effectively minimized any prejudice flowing from" Sainato's counsel's allegedly improper remarks during closing argument. *Wallner v. Ziegler*, 470 F. App'x 230, 233 (5th Cir. 2012) (per curiam) (citing *Learmonth*, 631 F.3d at 732–33).

Finally, Folks's attempt to shoehorn his improper-closing argument into the more forgiving instructional-error analytical framework is unavailing. To win a new trial based on the Court's use of Fifth Circuit Civil Pattern Jury Instruction 15.5 on mitigation of damages, Folks must show "that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *RSBCO v. United States*, 104 F.4th 551, 555 (5th Cir. 2024) (quotation omitted). And even if Folks makes that showing, he is not entitled to Rule 59(a) relief

---

[23] ECF No. 120-2 at 3.
[24] *Id.*

if the Court "determine[s], based upon the entire record, that the challenged instruction could not have affected the outcome of the case." *Id.* (quotation omitted).

Folks fails to make either showing for several independent reasons. First, Folks fails to carry his burden to show that he properly preserved the particular challenge to the Court's use of Fifth Circuit Civil Pattern Jury Instruction 15.5 that he now raises in his request for Rule 59(a) relief. *See Apache Deepwater, L.L.C.*, 930 F.3d at 653 (observing that a Rule 59 motion "cannot be used to raise arguments [that] could, and should, have been made before the judgment issued" (quotation omitted)). An objection to jury instructions "must be made 'on the record' and must state 'distinctly the matter objected to and the grounds for the objection.'" *Jimenez v. Wood Cnty.*, 660 F.3d 841, 844–45 (5th Cir. 2011) (en banc) (quoting FED. R. CIV. P. 51(c)). "The objection must have been made on the specific ground raised" in a motion for new trial or on appeal; a general objection to a jury instruction is not sufficient. *Id.* (quotation omitted); *cf. Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1158 (5th Cir. 2006) (reviewing for plain error because, although the appellant objected to the jury instruction, the appellant did not specifically object on the same ground it later raised on appeal). Here, Folks fails to show that he lodged anything other than a general objection to the Court's use of Fifth Circuit Civil Pattern Jury Instruction 15.5. Folks has not shown that he made a specific, formal, on-the-record objection to that instruction on the same grounds he now raises—*i.e.*, that the evidence did not support use of the instruction, and that use of the instruction would confuse the jury.

25

Second, even if Folks had shown that he properly preserved the particular challenge he now raises, Folks fails to show that the evidence at trial did not support giving Fifth Circuit Civil Pattern Jury Instruction 15.5 on mitigation of damages. To be sure, Folks asserts without much elaboration that "there was no evidence that Folks failed to mitigate his damages."[25] But Folks forgets that (1) his orthopedic surgeon, Dr. Marco Rodriguez, testified that he recommended that Folks undergo an endoscopic rhizotomy to relieve back pain Folks claimed to be experiencing after being released from jail, and (2) Folks testified he did not undergo the procedure Dr. Rodriguez recommended. Folks has not met his burden to show that giving the pattern mitigation-of-damages instruction was unwarranted in light of this evidence.

Third, even if Folks had carried his burden to show that the evidence did not merit use of Fifth Circuit Civil Pattern Jury Instruction 15.5, Folks still would not be entitled to Rule 59(a) relief on instructional-error grounds. Folks necessarily fails to carry his burden to show that the Court's use of the pattern instruction on mitigation of damages "creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations" because Folks does not even acknowledge the standard he must meet in his Rule 59(a) briefing. *RSBCO*, 104 F.4th at 555 (quotation omitted). Indeed, Folks cites no Fifth Circuit precedent authorizing a district court to disturb a jury verdict based on the use of a Fifth Circuit pattern instruction that (1) correctly states the law but (2) was not merited based on the evidence at trial.

---

[25] ECF No. 126-1 at 24.

Fourth, even if Folks had shown that use of the pattern mitigation instruction "creates substantial and ineradicable doubt whether the jury has been properly guided," *id.* (quotation omitted), Folks still would not be entitled to relief: It is clear, "based upon the entire record, that the challenged instruction could not have affected the outcome of the case." *Id.* (quotation omitted). Like Sainato's counsel's allegedly improper closing argument, the pattern mitigation-of-damages instruction went only to Folks's damages; it had no bearing on Sainato's liability. As noted above, however, the jury unanimously found Sainato not liable and did not reach damages. Because the challenged mitigation instruction concerned only damages, and because the jury decided this case on liability without reaching damages, "the challenged instruction could not have affected the outcome of the case." *Id.* (quotation omitted).

Finally, the only authority Folks cites, *Miller v. Lovett*, does not support his request for a new trial on instructional-error grounds. 879 F.2d 1066 (2d Cir. 1989), *partially abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). That is for at least three independent reasons. First, the mitigation instruction given in *Miller* materially differs from Fifth Circuit Civil Pattern Jury Instruction 15.5. Among other key distinctions, the mitigation instruction given in *Miller* fails to clearly convey that the duty to mitigate operates only to reduce an award of damages to a plaintiff and not to absolve a defendant of liability. Fifth Circuit Civil Pattern Jury Instruction 15.5, by contrast, makes plain that a plaintiff's failure to mitigate damages comes into play only if the jury finds that the defendant was liable and that the plaintiff suffered damages. Second, unlike the plaintiff in *Miller*, Folks fails to

27

carry his burden to show that the evidence at trial did not merit use of the mitigation instruction, as explained above. And third, here, unlike in *Miller*, a review of the entire record confirms that the challenged mitigation instruction could not have affected the outcome of the case given that (1) the jury decided this case on liability without reaching damages, and (2) Fifth Circuit Civil Pattern Jury Instruction 15.5 bears clearly and directly on damages alone.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Folks's renewed motion[26] for judgment as a matter of law and alternative motion for new trial is **DENIED**.

New Orleans, Louisiana, this 11th day of July, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[26] ECF No. 126.